### Canton Park Commrs.
### v.
### Robinson
*[Cite as 2 AOA 243]*

*Case No. CA-7958*
*Stark County, (5th),*
*Decided March 19, 1990*

*1st Amend. U.S. Const.*
*Civ. R. 65*

For Plaintiffs-Appellees: Thomas M. Bernabei, Law Director, and Joseph Martuccio, Assistant Law Director, Canton Law Department, 218 S. Cleveland Ave., Canton, Ohio 44702.

For Defendant-Appellant: Saundra J. Robinson, 1 Cascase Plaza, Suite 1400, Akron, Ohio 44308.

SMART, J.

This is an appeal from a judgment of the Court of Common Pleas of Stark County, Ohio, that enjoined defendant-appellant Thomas Robinson (appellant) from the use of the Stadium Park of Canton, Ohio, for 1989, and permanently enjoined appellant from the use of fighting or insulting words or actions against all persons at Stadium Park. Plaintiffs-appellees are the Canton Board of Park Commissioners and the Canton Board of Recreation (appellees). Appellees' complaint alleged that appellant's acts and speech in Stadium Park constituted a public nuisance.

Appellant assigns four errors to the trial court:

ASSIGNMENT OF ERROR NO. I
THE TRIAL COURT'S FINDING THAT APPELLANT'S CONDUCT IS CAUSING AND WILL CONTINUE TO CAUSE IRREPARABLE DAMAGE TO THE PUBLIC WELFARE IS NOT SUPPORTED BY THE EVIDENCE.

ASSIGNMENT OF ERROR NO. II
THE TRIAL COURT'S ORDER BARRING APPELLANT FROM STADIUM PARK FOR THE REMAINDER OF 1989 DID NOT RESPOND TO THE MOTION FILED, BUT REPRESENTED PUNISHMENT OF CONDUCT COMMITTED IN THE PAST, FOR WHICH APPELLANT HAD PREVIOUSLY BEEN PUNISHED.

ASSIGNMENT OF ERROR NO. III

THE TRIAL COURT'S ORDER OF A PERMANENT INJUNCTION AGAINST FIGHTING OR INSULTING WORDS IS AN UNCONSTITUTIONAL PRIOR RESTRAINT AND OVERBOARD AND VAGUE PROHIBITION AGAINST APPELLANT'S RIGHT TO FREE SPEECH AND EXPRESSION UNDER THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION.

ASSIGNMENT OF ERROR NO. IV
THE TRIAL COURT ERRED IN GRANTING AN INJUNCTION BECAUSE THERE IS AN ADEQUATE REMEDY AT LAW.

I

Appellant first urges that the trial court's factual basis for the issuance of the injunction was against the manifest weight of the evidence. Appellant argues that all of the evidence demonstrates, at best, that his behavior in the summer of 1988 was damaging to the public welfare. No acts in other time periods, either prior to then or later, were alleged, he asserts.

If we find that there is sufficient, competent and credible evidence to support the trial court's conclusion that appellant's conduct was proven by clear and convincing evidence to cause irreparable damage and would continue to do so unless enjoined, then we will not reverse the trial court, See *State v. Eley* (1978), 56 Ohio St.2d 169. We have examined the record of proceedings and find that the findings of fact are supported by sufficient, competent and credible evidence.

The first assignment of error is overruled.

II

Appellees prayed for permanent injunction of the appellant's use of the city parks. The trial court permanently enjoined certain conduct in Stadium Park and further prohibited appellant from using that park for the balance of the calendar year. Appellant urges that this order was further punishment for prior convictions of disorderly conduct. We do not agree. The trial court's order is not as broad as appellees had requested, but rather is tailored so as to prohibit the damaging conduct in the place it most often occurred. We find no error in the trial court doing so.

The second assignment of error is overruled.

III

Appellant next argues that the trial court's injunction against fighting words and insulting words and actions violates his constitutional rights of free speech and expression. He concedes that "fighting words" are not constitutionally protected, *Lewis v. City of New Orleans* (1973), 415 U.S. 130, and *Cincinnati v. Karlan* (1974), 39 Ohio St.2d 102. Therefore, our focus is on the insulting words or actions that have been enjoined.

The record contains overwhelming evidence that appellant's insulting words and actions that were the stimuli for the complaint were on public property and before many persons, including minors. The trial court was certainly correct in determining that these acts constituted a public nuisance, injurious to the welfare of public.

There is a broad continuum of possible conduct, with language and acts at one extreme and criminal acts at the end of the spectrum. Even conduct falling in the middle, merely annoying in an isolated instance, which could rise to level of public nuisance if repetitious. Appellant urges that language utilized by the trial court is overbroad and does not him notice of what conduct is prohibited.

The trial court has the authority to enjoin such conduct is damaging to public rights, *State, ex rel. Chalfin v. Glick* (1961), 172 Ohio St. 249. We also find that the words used by trial court, "fighting words or insults," include only insults that manifestly tend to provoke a breach of the (*Ejusdem generis*). The order taken as a whole does unconstitutionally restrict appellant's conduct.

The third assignment of error is overruled.

IV

Finally, appellant argues that the conduct enjoined is to criminal prosecution, and therefore appellees had an remedy at law. Because we find that the trial court has to enjoin non-criminal acts, see III, *supra*, we reject argument.

The fourth assignment of error is overruled.

For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

*Judgment affirmed.*

PUTMAN, P.J. and
HOFFMAN, J. Concur.