THE STATE OF OHIO, APPELLEE, *v.*
CHAPAS, APPELLANT.

(No. C-830116—Decided December 21,
1983.)

*Mr. Arthur M. Ney, Jr.,* prosecuting
attorney, and *Mr. William E. Breyer,* for
appellee.

*Mr. Peter Rosenwald,* for appellant
James Chapas.

*Per Curiam.* This cause came on to be
heard upon the appeal from the Court of
Common Pleas of Hamilton County.

Appellant was tried to the court and
found guilty of arson, a violation of R.C.
2909.03. Appeal was timely filed.

The record reveals that appellant
owned a building located at 810 Overlook
Avenue on which he maintained insurance
of $20,000. Clarence Devaughn testified
that on May 19, 1982, appellant told him
he was experiencing financial problems
and asked if he knew anyone who would
burn down the Overlook building.
Devaughn reported this conversation to
the Arson Squad of the Cincinnati Fire
Department. Later, in the presence of
agents from the Bureau of Alcohol,
Tobacco and Firearms, Devaughn called
appellant and told him he would set up a
meeting with an arsonist. On May 21,
1982, an undercover agent with the
bureau, posing as an arsonist, met with
appellant at the Overlook property. A sec-
ond meeting between the two took place
on May 24, 1982. Both meetings were
tape recorded through the use of hidden
microphones, and the tapes were received
into evidence at trial.

Appellant's first assignment claims
that the trial court erred in overruling his
motion to dismiss made on the basis that
R.C. 2909.03(A)(4) is unconstitutionally
vague and overbroad. We disagree. The
statute in question reads in pertinent
part:

"(A) No person, by means of fire or
explosion, shall knowingly:

"* * *

"(4) Cause, or create a substantial
risk of, physical harm, through the offer
or the acceptance of an agreement for
hire or other consideration, to any prop-
erty of another without his consent or to
any property of himself or another with
purpose to defraud."

We find that the statute gives fair
notice to a person of average intelligence
of the specific conduct which is forbidden
and thus is not void for vagueness.
*Papachristou* v. *City of Jacksonville*
(1972), 405 U.S. 156. We also find that the
statute is not overbroad, and the first
assignment of error is overruled.

The second assignment of error states
that the judgment was against the
manifest weight of the evidence. The
taped recordings of the conversations be-
tween appellant and the bureau's under-
cover agent reveal that appellant offered
the agent $5,000 (to be paid after ap-
pellant collected on his insurance policy)
to burn the Overlook building "down to
the ground." The recordings further
reveal that appellant took the agent to the
building where he pointed out a window
that could be used to gain entrance and
showed him the electrical system. We find
the record contains substantial evidence
of probative value upon which the trier of
fact could reasonably conclude that all the
elements of the offense of arson were
proven beyond a reasonable doubt. *State*
v. *Eley* (1978), 56 Ohio St. 2d 169 [10
O.O.3d 340]. The second assignment of er-

ror is overruled and the judgment below is affirmed.

*Judgment affirmed.*

SHANNON, P.J., KEEFE and DOAN, JJ., concur.