THE STATE OF OHIO, APPELLEE, *v.* WILLIAMS, APPELLANT.

(No. C-880417—Decided
June 28, 1989.)

*Arthur M. Ney, Jr.,* prosecuting attorney, *David L. Prem* and *Seth Tieger,* for appellee.

*Daniel F. Burke, Jr.,* for appellant.

*Per Curiam.* This case came on to be heard upon the appeal from the Court of Common Pleas of Hamilton County.

The defendant-appellant, Samuel Williams, was indicted and charged with one count of rape of a minor child who was less than thirteen years old in violation of R.C. 2907.02(A)(1)(b) and with one count of gross sexual imposition of a minor child who was less than thirteen years old in violation of R.C. 2907.05(A)(3). A jury trial was conducted and the defendant was convicted as charged.

The circumstances giving rise to the defendant's arrest and conviction apparently occurred in 1985. On various weekends the defendant cared for the three children (he is the father of two of them) of a former girlfriend. On these occasions the children slept in the same bed as the defendant. During one of these weekend visits, after the defendant and the children had gone to bed, the defendant allegedly got on top of one of the children (his daughter, age eight) and had sexual intercourse with her.

Several days later the child was taken to a doctor after vaginal bleeding was detected by her mother. The doctor's examination revealed evidence of trauma to the child's vagina. It was not until two years later, however, that the child, while undergoing therapy, admitted that her father had had sexual intercourse with her.

The defendant now appeals his convictions and asserts four assignments of error, which, for the reasons that follow, are overruled.

In his initial assignment of error, the defendant alleges the trial court erred by ruling that the evidence was sufficient to sustain verdicts of guilty for both counts of rape and gross sexual imposition. We disagree. In determining whether the evidence was sufficient to sustain the convictions of the defendant for the two offenses, this court must determine if any rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt. *Jackson* v. *Virginia* (1979), 443 U.S. 307, 319. We are persuaded after reviewing the record that there is substantial evidence upon which a jury could have reasonably concluded that all the elements of the offenses were proven beyond a reasonable doubt. *State* v. *Eley* (1978), 56 Ohio St. 2d 169, 10 O.O. 3d 340, 383 N.E. 2d 132, syllabus.

Furthermore, after weighing the evidence and all reasonable inferences and considering the credibility of witnesses, we conclude that the jury did not lose its way and create such a manifest miscarriage of justice as to warrant a reversal of the convictions. Accordingly the defendant's first assignment of error is not well-taken.

In his second assignment of error, the defendant alleges he was not accorded his right to a fair trial since he was denied the opportunity to confront witnesses against him. Specifically, the defendant argues that he was entitled

to attend the out-of-town deposition of Dr. Cynthia Briede but was prevented from doing so.

This assignment is without merit since it is clear upon review of the record that the defendant, by written entry, waived his right to be present at the deposition.

In his third assignment of error, the defendant alleges the trial court erred in failing to issue the proper jury instructions regarding intent. This assignment is overruled. R.C. Chapter 2907 (under which the defendant was charged) is designed to protect victims of sexual crimes. The offenses for which the defendant was charged require no precise culpable state of mind. Rather, all that is required is a showing of the proscribed sexual contact. *State v. Sherman* (May 5, 1989), Sandusky App. No. S-88-6, unreported. Thus, the trial court's failure to instruct the jury on the mental state of recklessness was not error.

In his final assignment of error the defendant alleges he was denied his right to a fair trial due to the incompetence of his counsel. He argues that since his attorney was under federal indictment for drug abuse at the time of his trial, he was not afforded effective legal representation. This assignment is without merit since pending criminal charges against an attorney are not, standing alone, sufficient under the standard set forth in *State v. Bradley* (1989), 42 Ohio St. 3d 136, 538 N.E. 2d 373, to support a charge of ineffective assistance of counsel.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

SHANNON, P.J., KLUSMEIER and GORMAN, JJ., concur.