The STATE of Ohio, Appellee,

v.

BROOKS, Appellant.

[Cite as *State v. Brooks* (1989), 65 Ohio App.3d 300.]

Court of Appeals of Ohio,
Wood County.

No. WD–88–71.

Decided Nov. 17, 1989.

*Alan R. Mayberry*, Prosecuting Attorney, and *Gary D. Bishop*, Assistant Prosecuting Attorney, for appellee.

*Wendell R. Jones*, for appellant.

ABOOD, Judge.

This is an appeal from a judgment of the Wood County Court of Common Pleas in which defendant-appellant, Walter Brooks, Jr., was found guilty of attempted rape, in violation of R.C. 2907.02(A)(2) and 2923.02, and gross sexual imposition, in violation of R.C. 2907.05(A)(1).

Appellant sets forth the following assignments of error:

### "First Assignment of Error

"The trial court erred in denying appellant's motion for dismissal of both counts of the indictment and the conviction of appellant was against the manifest weight of the evidence which was insufficient to establish appellant's guilt of the offenses of attempted rape or gross sexual imposition so that a violation of either Ohio Revised Code Section 2923.02 or 2907.05 was proved beyond a reasonable doubt where testimony of complainant was uncorroborated, likely to lack credibility and not revealed until many days after the alleged event.

### "Second Assignment of Error

"Even if it is determined the evidence is found sufficient to establish appellant's guilt of gross sexual imposition beyond a reasonable doubt and thereby a violation of Ohio Revised Code Section 2907.05, it is insufficient to

establish the specific intent required for conviction of attempted rape beyond a reasonable doubt and thereby a violation of Ohio Revised Code Section 2923.02.

"Third Assignment of Error

"The trial court erred in sentencing appellant for attempted rape and gross sexual imposition where both charges are allied offenses of similar import without a separate animus and thereby not subject to a multiple sentence pursuant to Ohio Revised Code Section 2941.25."

The facts giving rise to this appeal are as follows. On December 18, 1987, Tammy Brooks, born February 2, 1973, revealed to a caseworker with the Wood County Children Services Board that her father (appellant herein) had been sexually abusing her since his release from prison in May 1987. (In 1985, appellant had been convicted of sexually abusing Tammy; he served a nineteen-month prison term and upon release was ordered to have no contact with her.) Tammy disclosed that as recently as November 26, 1987, appellant attempted to have sexual intercourse with her. Tammy did not reveal this incident to anyone until her interview with the caseworker on December 18. Tammy was transported to the Lucas County Children Services Board and was subsequently placed in a foster home.

On February 4, 1988, an indictment was returned by the Wood County Grand Jury for one count of attempted rape and one count of gross sexual imposition with a physical harm specification. Appellant entered a plea of not guilty and the case proceeded to trial to the court on September 13, 1988.

At trial, the state offered the testimony of Tammy; Angie Difiore, a girlfriend of Tammy; Marilyn Hafner, a caseworker employed by the Wood County Children Services Board; John Helm, an investigator for the Wood County Prosecutor's Office; and a caseworker with the Lucas County Children Services Board.

Tammy's testimony may be summarized as follows: On November 26, 1987, her mother and older brother left the house to pick up her grandmother for Thanksgiving dinner while appellant and Tammy's three younger siblings remained at home. While she was preparing a salad for the family dinner, appellant, who was running around the house in his underwear, came into the kitchen and told her to go into a back room. After a brief confrontation, she went into the back room where appellant starting touching her breasts. After a brief conversation, appellant placed his left arm around her waist, pinned her up against a freezer and starting touching her again. As she attempted to leave, appellant grabbed her by the neck and laid her back onto the freezer with her feet dangling off the side but then released her because he thought

he heard someone coming. Appellant went over to the door, peeked out and then shut the door and came back over to her and stated, "we can either have intercourse * * * through your vagina or behind or * * * like we did the other time when you puked." Appellant then pinned her up against the freezer again, took off her pants and placed his penis against her vagina and moved it back and forth. After a few minutes, he turned her around and had her bend over. He placed his penis at the opening of her anus and attempted to have anal intercourse with her. Appellant then put Vaseline on himself and again attempted to enter her anus but after a couple of attempts, he pulled away because he thought he heard someone coming. When he left the room, Tammy went into the bathroom. Appellant followed her into the bathroom and placed his penis up to her face. After a few moments he left the bathroom and directed her to go into a back room where he again took off her pants and placed his penis against her vagina. The incident concluded with appellant masturbating. Shortly thereafter her mother returned.

At the end of the state's case, appellant moved for acquittal. His motion was found not well taken and was overruled.

The evidence presented by the defense consisted of appellant's own testimony in which he denied the allegations made by Tammy regarding the November 26, 1987 incident. Appellant testified that he arrived home at approximately 1:00 p.m., took a shower and then went to sleep. At approximately 4:00 p.m., appellant's youngest daughter woke him up and he had dinner with the rest of the family.

At the conclusion of appellant's testimony, defense counsel was prepared to call more witnesses but was interrupted by appellant's expressed desire to stop the trial.

Appellant was found guilty by the court on both counts of the indictment and sentenced to seven to fifteen years for the offense of attempted rape and two to five years for the offense of gross sexual imposition to be served concurrently. On October 24, 1988, appellant filed a timely notice of appeal.

Since appellant's first and second assignments of error raise the same issue, specifically, whether or not the trial court's decision was against the manifest weight of the evidence, this court will consider them together.

■ In his first assignment of error, appellant contends that the trial court erred in denying appellant's motion for acquittal and that appellant's conviction was against the manifest weight of the evidence. Specifically, appellant contends that the victim's testimony was unreliable. In his second assignment of error, appellant contends that the evidence was insufficient to establish the specific intent required for a conviction of attempted rape.

In examining such an assignment of error, a reviewing court will not reverse a decision of the trial court if there is substantial evidence to form a basis upon which reasonable minds could conclude that all the elements of an offense have been proven beyond a reasonable doubt. *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132. In determining if the judgment of the trial court is against the manifest weight of the evidence it is not the role of the reviewing court to weigh the evidence presented or to judge the credibility of witnesses. *State v. Clay* (1973), 34 Ohio St.2d 250, 251, 63 O.O.2d 391, 392, 298 N.E.2d 137, 138.

A review of the record herein, including the testimony as summarized above, indicates that there was substantial, probative evidence upon which the court could conclude that all the elements of attempted rape and gross sexual imposition had been proven beyond a reasonable doubt. Accordingly, appellant's first and second assignments of error are found not well taken.

In his third assignment of error, appellant contends that the attempted rape and gross sexual imposition are allied offenses of similar import without a separate animus and, pursuant to R.C. 2941.25, he cannot be convicted of both.

R.C. 2941.25 states:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

In order for there to be allied offenses of similar import, it must be determined that (1) the state relies upon the same conduct to support both offenses; (2) the offenses and their elements correspond to such a degree that commission of one of the offenses will result in the commission of the other; and (3) the commission of both offenses was motivated by the same purpose. *State v. Brown* (1982), 7 Ohio App.3d 113, 117, 7 OBR 145, 150, 454 N.E.2d 596, 600–601.

As applied to this case, the elements of gross sexual imposition as set forth in R.C. 2907.05 are included in the elements of attempted rape as set forth in R.C. 2907.02 and 2923.02. At trial, the state relied on evidence of the same conduct to prove both offenses. As Tammy testified, the acts of gross

sexual imposition were committed while appellant was attempting to force her to have intercourse with him.

The offenses that appellant was charged with and convicted of were clearly motivated by the same purpose and must be considered allied offenses of similar import. Accordingly, appellant's third assignment of error is found well taken.

Finding appellant's first and second assignments of error not well taken and third assignment of error well taken, the judgment of the Wood County Court of Common Pleas is affirmed in part and reversed in part. Appellant's conviction of the offense of attempted rape is affirmed. Appellant's conviction of the offense of gross sexual imposition is reversed. This cause is remanded to the Wood County Court of Common Pleas for execution of sentence not inconsistent with this opinion. It is ordered that appellee pay the court costs of this appeal.

*Judgment affirmed in part*
*and reversed in part.*

HANDWORK, P.J., and GLASSER, J., concur.