The STATE of Ohio, Appellee,

. v.

NAVARRO, Appellant.

[Cite as *State v. Navarro* (1992), 80 Ohio App.3d 762.]

Court of Appeals of Ohio,
Tuscarawas County.

No. 92AP030022.

Decided Dec. 7, 1992.

*James A. Range,* for appellee.

*E.K. Wright,* for appellant.

---

Gwin, Presiding Judge.

Defendant, Ignacio Navarro ("appellant"), appeals from the judgment of conviction and sentence entered upon the New Philadelphia Municipal Court's finding him guilty of disorderly conduct, a violation of R.C. 2917.11(B)(1), a minor misdemeanor. Appellant's sole assignment of error states:

"The decision of the trial court is contrary to the manifest weight of the evidence."

On January 13, 1991, at approximately 3:00 a.m., appellant, while travelling home from a social gathering where he admittedly drank two or three beers, was involved in a one-vehicle accident on a rural road in front of the home of complainants, Mr. and Mrs. Timothy Bickford. Appellant eventually exited his vehicle, entered onto the Bickford's property and began knocking on the doors and windows of the home for approximately ten minutes. There being no response, appellant found a garage door opener inside a parked pickup truck in the driveway, opened the garage door and entered into Bickfords'

unlit kitchen. Appellant turned on a kitchen light and telephoned his wife to bring a "tractor" to pull his car back onto the roadway.

At the time appellant entered the Bickford residence, the home was occupied by complainants and their three minor children. Mrs. Bickford, hearing noise from the kitchen, awakened her husband and the two confronted appellant in their kitchen.

As noted above, the trial court found appellant guilty of disorderly conduct in violation of R.C. 2917.11(B)(1). That statute provides:

"No person, while voluntarily intoxicated shall do either of the following:

"In a public place or in the presence of two or more persons, engage in conduct likely to be offensive or to cause inconvenience, annoyance, or alarm to persons of ordinary sensibilities, which conduct the offender, if he were not intoxicated, should know is likely to have such effect on others[.]"

Through his sole assignment, appellant maintains the trial court's judgment finding him guilty of disorderly conduct was against the manifest weight of the evidence.

■ When reviewing a claim that a verdict is against the manifest weight of the evidence, or that the evidence was insufficient, our duty is to review the record and determine whether there is sufficient evidence contained therein for a jury to find appellant guilty beyond a reasonable doubt. *State v. Brown* (1988), 38 Ohio St.3d 305, 528 N.E.2d 523, certiorari denied (1989), 489 U.S. 1040, 109 S.Ct. 1177, 103 L.Ed.2d 239. Therefore, our examination is limited to a determination of whether or not there was evidence presented which, if believed, would convince the average mind of appellant's guilt beyond a reasonable doubt. *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132, syllabus.

■ Upon such review, we find there was sufficient, competent and credible evidence before the trial court to support the finding that appellant, while voluntarily intoxicated, engaged in conduct likely to alarm Mr. and Mrs. Bickford.

While appellant vehemently argues that he suffered a head injury from the accident, was not intoxicated at the time of entering the Bickford home, believed the home to be unoccupied, and claimed an emergency situation in support of a reversal of his conviction, those arguments are best left for the trier of fact. We find overwhelming evidence that persons of ordinary sensibilities would be extremely alarmed to find an uninvited man in their home at 3:00 a.m. and that appellant, had he not been intoxicated, should have known such conduct would be alarming to others.

Accordingly, we overrule appellant's sole assignment of error and affirm the judgment of conviction and sentence entered in the New Philadelphia Municipal Court.

*Judgment affirmed.*

PUTMAN and SMART, JJ., concur.