THE STATE OF OHIO, APPELLEE, *v.* SHOEMAKER, APPELLANT.

[Cite as *State v. Shoemaker* (1996), 74 Ohio St.3d 664.]

(No. 95–1657—Submitted December 5, 1995—Decided March 1, 1996.)

*Stephen A. Schumaker*, Clark County Prosecuting Attorney, for appellee.

*John E. Shoemaker, pro se.*

*Per Curiam.* Appellant presents six propositions of law. We overrule all six and affirm the court of appeals' judgment.

Appellant was convicted of involuntary manslaughter based on the underlying crime of felonious assault. In his fifth proposition of law, he claims that the felonious assault finding was against the manifest weight of the evidence and that his involuntary manslaughter conviction therefore cannot stand.

However, the court of appeals unanimously ruled that the conviction was not against the manifest weight of the evidence. We cannot disturb that ruling. Only courts of appeals may overturn trial court judgments on the grounds urged here, *i.e.*, that the verdict was against the manifest weight of the evidence. See

*State v. Cooey* (1989), 46 Ohio St.3d 20, 25–26, 544 N.E.2d 895, 905–906.[1] Our review "is limited to a determination of whether there was evidence presented 'which, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.' " *State v. Eley* (1978), 56 Ohio St.2d 169, 172, 10 O.O.3d 340, 341, 383 N.E.2d 132, 134.

In his remaining propositions of law, appellant raises issues that the court of appeals did not grant him leave to present in the reopened appeal. As the court of appeals did not reach the merits of these issues, the sole issue before us is whether that court properly excluded them from its order reopening the appeal.

In appellant's first proposition of law, he argues that the jury's rejection of his self-defense claim was against the manifest weight of the evidence. However, appellant apparently failed to include the self-defense issue in his App.R. 26(B) application to reopen the appeal and the court of appeals did not address it. We find no error here.

The court of appeals denied the App.R. 26(B) application with respect to the issues raised in appellant's second, third, fourth, and sixth propositions of law. For the reasons stated in the court of appeals' Decision and Entry of November 2, 1994, we affirm that court's denial of the application as to these issues.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

---

1. A recent amendment to R.C. 2953.02 grants us such power in appeals of capital cases where the offense was committed on or after January 1, 1995. That provision obviously does not apply here.