[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 664.]

THE STATE OF OHIO, APPELLEE, *v.* SHOEMAKER, APPELLANT.

[Cite as *State v. Shoemaker*, 1996-Ohio-235.]

*Criminal law—Appeal—Only courts of appeals may overturn trial court judgments on the ground that the verdict was against the manifest weight of the evidence—Limits of Supreme Court review.*

(No. 95-1657—Submitted December 5, 1995—Decided March 1, 1996.)

APPEAL from the Court of Appeals for Clark County, No. 2913.

————————————

{¶ 1} Appellant, John E. Shoemaker, was convicted in 1992 of involuntary manslaughter with a firearm specification. The Court of Appeals for Clark County affirmed his conviction. *State v. Shoemaker* (Dec. 29, 1992), Clark App. No. 2913, unreported. Appellant later filed in the court of appeals an App.R. 26(B) application to reopen his appeal, alleging that his appellate counsel had rendered ineffective assistance by failing to raise five issues. The court of appeals granted the application with respect to appellant's claim that his involuntary manslaughter conviction "was against the manifest weight of the evidence in that there was insufficient evidence of the commission of an underlying felony." The court denied the application as to the remaining four issues.

{¶ 2} Appellant was assigned new counsel and given the opportunity to present the weight-of-the-evidence issue. However, the court of appeals ultimately rejected appellant's claim and reaffirmed his conviction. This appeal followed.

————————————

*Stephen A. Schumaker*, Clark County Prosecuting Attorney, for appellee.

*John E. Shoemaker*, *pro se*.

————————————

***Per Curiam.***

**{¶ 3}** Appellant presents six propositions of law. We overrule all six and affirm the court of appeals' judgment.

**{¶ 4}** Appellant was convicted of involuntary manslaughter based on the underlying crime of felonious assault. In his fifth proposition of law, he claims that the felonious assault finding was against the manifest weight of the evidence and that his involuntary manslaughter conviction therefore cannot stand.

**{¶ 5}** However, the court of appeals unanimously ruled that the conviction was not against the manifest weight of the evidence. We cannot disturb that ruling. Only courts of appeals may overturn trial court judgments on the grounds urged here, *i.e.*, that the verdict was against the manifest weight of the evidence. See *State v. Cooey* (1989), 46 Ohio St.3d 20, 25-26, 544 N.E.2d 895, 905-906.[1] Our review "is limited to a determination of whether there was evidence presented 'which, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" *State v. Eley* (1978), 56 Ohio St.2d 169, 172, 10 O.O.3d 340, 341, 383 N.E.2d 132, 134.

**{¶ 6}** In his remaining propositions of law, appellant raises issues that the court of appeals did not grant him leave to present in the reopened appeal. As the court of appeals did not reach the merits of these issues, the sole issue before us is whether that court properly excluded them from its order reopening the appeal.

**{¶ 7}** In appellant's first proposition of law, he argues that the jury's rejection of his self-defense claim was against the manifest weight of the evidence. However, appellant apparently failed to include the self-defense issue in his App.R. 26(B) application to reopen the appeal and the court of appeals did not address it. We find no error here.

---

1. A recent amendment to R.C. 2953.02 grants us such power in appeals of capital cases where the offense was committed on or after January 1, 1995. That provision obviously does not apply here.

{¶ 8} The court of appeals denied the App.R. 26(B) application with respect to the issues raised in appellant's second, third, fourth, and sixth propositions of law.  For the reasons stated in the court of appeals' Decision and Entry of November 2, 1994, we affirm that court's denial of the application as to these issues.

{¶ 9} The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

––––––––––––––––