The STATE of Ohio, Appellee,

v.

HUTH, Appellant.

[Cite as *State v. Huth* (1999), 133 Ohio App.3d 261.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 96CA80.

Decided March 22, 1999.

*Paul J. Gains,* Mahoning County Prosecuting Attorney, and *Janice T. O'Halloran,* Assistant Prosecuting Attorney, for appellee.

*Robert Duffrin,* for appellant.

---

WAITE, Judge.

This timely appeal arises from a judgment finding appellant guilty of improper lane use in violation of R.C. 4511.25. Appellant argues that the trial court erred in finding that her speed was "less than the normal speed" of traffic pursuant to R.C. 4511.25 and contends that the evidence presented was insufficient to sustain the judgment. For the following reasons, this court affirms the trial court judgment.

On December 30, 1995, an officer pulled appellant's vehicle over and issued her a citation for violating R.C. 4511.25 by operating her motor vehicle in the left lane and thereby impeding traffic and causing other vehicles to pass on the right. The citation failed to state which subsection of R.C. 4511.25 applied, but the citing officer testified at trial that it was subsection B.

On January 16, 1996, appellant entered a plea of not guilty. On February 9, 1996, the court held a pretrial and set the case for trial. On April 9, 1996, the court held a trial and heard testimony from the citing officer and appellant. The court found appellant guilty of violating R.C. 4511.25 and fined her $25 and costs. On May 9, 1996, appellant filed a notice of appeal.

While appellant presents two separate assignments of error, we believe that they are interrelated and therefore we will address them together. Appellant's assignments of error state:

"The trial court erred in interpreting Ohio Revised Code Section 4511.25(B) by determining that 60–65 miles per hour was below the normal speed of traffic on the roadway.

"The evidence could not sustain a conviction for a violation of Revised Code Section 4511.25(B)."

Appellant argues that the trial court erred in finding that a rate of speed of sixty to sixty-five miles per hour was less than the "normal speed of traffic" referred to in R.C. 4511.25(B). Appellant also asserts that insufficient evidence was presented to convict her of violating R.C. 4511.25(B), as the evidence established that she was traveling at a legal speed of traffic and was justified in remaining in the left lane because she thought a car would attempt to pass her on the right. Appellant also contends that no evidence was presented to show that she was impeding or otherwise blocking traffic.

While appellant asserts that her first assignment of error involves a question of law, appellant argues the facts of the case. Appellant contends that the trial court could not rule that a rate of speed of sixty to sixty-five miles per hour was "less than the normal speed of traffic at the time and place and under the conditions then existing," under R.C. 4511.25(B). Appellant maintains that it is unreasonable to allow officers to cite drivers who are driving at only a little below the statutory speed limits because of the known variances in speedometer calibrations.

R.C. 4511.25(B) provides:

"Upon all roadways any vehicle or trackless trolley proceeding at less than the normal speed of traffic at the time and place and under the conditions then existing shall be driven in the right-hand lane then available for traffic, or as close as practicable to the right-hand curb or edge of the roadway, except when overtaking and passing another vehicle or trackless trolley proceeding in the same direction or when preparing for a left turn."

Appellant concentrates her argument on the speed at which she was driving. However, appellant's argument misses the point. The officer did not pull appellant over because of the speed at which she was operating her vehicle *per se.* The officer testified that he cited appellant because she drove in the left lane for three and a half miles at a speed less than the flow of traffic and impeded drivers who wished to pass her. R.C. 4511.25 regulates lanes of travel. While R.C. 4511.25(B) mentions traveling at less than the normal speed of traffic at the time and place, the statute's primary purpose is to control the *lanes* of travel and prevent the impediment of the flow of traffic.

R.C. 4511.25(B) does not specify a particular speed or range of speeds or attempt to define what is the "normal speed" or "less than the normal speed." This part of the statute must be read in its context: "Upon all roadways any vehicle * * * proceeding at less than the *normal speed of traffic at the time and place and under the conditions then existing* shall be driven in the right-hand lane * * *." (Emphasis added.) The statute does not refer to the "legal speed limit" but to the speed existing under the conditions at the time. Had the

legislature intended the statutory speed limit to constitute the normal speed of R.C. 4511.25(B), it would have specified as much. Further, if we did apply the statutory speed limit as the "normal speed," the rest of the sentence discussing the time, place, and conditions on the roadway at the time of travel would be rendered superfluous. " '[W]ords in statutes should not be construed to be redundant, nor should any words be ignored.' " *Eastwood Mall, Inc. v. Slanco* (1994), 68 Ohio St.3d 221, 225, 626 N.E.2d 59, 63, quoting *E. Ohio Gas Co. v. Pub. Util. Comm.* (1988), 39 Ohio St.3d 295, 299, 530 N.E.2d 875, 879. Based upon the testimony of the officer and the language of R.C. 4511.25(B), it was not error for the court to find that a speed of sixty to sixty-five miles per hour was less than the speed of traffic traveling the roadway on which appellant was driving at the time.

Appellant refers us to cases interpreting R.C. 4511.22(A) and suggests that this statute is similar to R.C. 4511.25(B). R.C. 4511.22(A) states:

"No person shall stop or operate a vehicle, trackless trolley, or street car at such a slow speed as to impede or block the normal and reasonable movement of traffic, except when stopping or reduced speed is necessary for safe operation or to comply with law."

Appellant cites *State v. Drolshagen* (July 9, 1993), Lucas App. No. L–93–017, unreported, 1993 WL 256381, and *State v. Wright* (Oct. 17, 1990), Pickaway App. No. 89CA19, unreported, 1990 WL 155772, as support for her claim that her speed alone is insufficient to establish a violation of R.C. 4511.25(B).

Again, appellant misses the point. Appellant was not cited for a speed violation *per se* but was cited for remaining in the left lane and driving at a speed less than that of the rest of the traffic on the road, thus impeding the flow of traffic. Further, the holdings in her cited cases work to appellant's disadvantage. While the cases hold that stopping a vehicle for slow speed in and of itself is insufficient to create reasonable suspicion and a violation of R.C. 4511.22(A), both cases focus on whether the drivers were in fact impeding the flow of traffic.

In *Drolshagen*, the court found that the particular facts of the case did not justify the officer's stop of the driver under R.C. 4511.22(A) because testimony revealed that few cars were on the road and thus no impediment to the flow of traffic could exist. *Drolshagen* is dissimilar to the instant case because here the officer presented testimonial evidence that a line of traffic formed behind appellant as she traveled in the left lane for three and a half miles at speeds less than that of the drivers on the road who wanted to pass. The officer also testified that as a result of the impediment, cars began passing appellant on the right, thereby creating a hazard.

The holding in *Wright* also works against appellant. In that case, the court held that a driver's slow speed *per se* is not ordinarily unlawful or a violation of R.C. 4511.22 that creates reasonable suspicion to justify the stop of a vehicle. However, the court justified the officer's stop of the slow-moving vehicle, finding that a line of traffic forming behind the driver created an impediment to the flow of traffic in violation of R.C. 4511.22(A). The court held that "absent the presence of other vehicles, the stop may have been invalid." *Wright, supra.* Similarly, the officer in the instant case testified that appellant's speed at less than that of traffic on the road coupled with her continuous driving in the left lane while traffic backed up behind her created a hazard when drivers began passing her on the right.

Appellant contends that the evidence was insufficient to that she violated R.C. 4511.25(B) because no evidence was presented to show that she was driving at "less than the normal speed" or impeding traffic. This argument questions whether the evidence is legally sufficient to sustain a verdict. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546. This is a question of law. *Id.* The relevant inquiry on appeal is, after reviewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492, 503. The appellate court's function when reviewing sufficiency of the evidence is to examine the evidence admitted at trial to determine whether the evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Eley* (1978), 56 Ohio St.2d 169, 172, 10 O.O.3d 340, 341–342, 383 N.E.2d 132, 134–135. It is not the function of the appellate court to substitute its judgment for that of the factfinder. *Jenks,* 61 Ohio St.3d at 279, 574 N.E.2d at 507. The weight to be given the evidence and the credibility of the witnesses are primarily issues for the trier of fact. *State v. Ballew* (1996), 76 Ohio St.3d 244, 249, 667 N.E.2d 369, 376.

Considering the evidence in a light most favorable to the prosecution, appellant was driving for three and a half miles in the left lane at less than the normal speed of traffic at that time and place without justification. The officer testified that he observed appellant driving on the Ohio Turnpike near State Route 225. He stated that no cars obstructed his view of appellant and that he observed her for approximately three and a half miles driving in the left lane of the four-lane road and impeding the flow of traffic in that lane. According to the officer, appellant never moved into the right lane. The officer clocked appellant's speed at varying rates from sixty to sixty-five miles per hour during the three and a half miles in the left lane. There was no vehicle in the right lane. As a result, the officer observed cars backing up in the left lane behind him because they did

not want to pass appellant on the right. The officer testified that he pulled appellant over and cited her when the situation became hazardous because cars began passing in the right lane.

Appellant also testified at trial. She stated that she set her cruise control at sixty-five miles per hour and that traffic was heavy on the roadway. Appellant testified that she was traveling in the left lane generally to avoid slower truck traffic that would be traveling at fifty-five miles per hour. Appellant also testified that she changed lanes three times but did in fact drive and remain in the left hand lane for quite a while because she thought that a car behind her looked as if it was attempting to pass her on the right. She also thought that the officer was going to pass her on the right as well so she remained in the left lane.

The trial court heard from both appellant and the officer, determined that the officer was more credible, and attached greater weight to his testimony. This court should not substitute its judgment for that of the trier of fact. Further, from the testimony presented, sufficient evidence existed from which to find that appellant violated R.C. 4511.25(B).

Appellant continues to argue that she was driving within the legal speed limit and thus cannot be charged. She fails to recognize that in so doing, she is arguing that she should be allowed to set the normal speed for the other drivers. All vehicles on a roadway do not travel at exactly the same speed. While appellant was admittedly traveling at *less* than the limit (she drove at speeds ranging from sixty to sixty-five), it is certainly possible that another driver behind her wished to travel at exactly the legal limit. The officer testified that when this happened, there was no other vehicle in the right lane. Appellant could have moved to that lane. She chose not to, choosing instead to force another driver also traveling within the legal limits to slow to her pace or pass unsafely on the right. She fails to recognize that the other driver had a right to travel at a legal speed on the roadway as well, and that her duty was not to impede this driver but to move to the right lane, a lane that was entirely clear according to the officer's testimony.

For the foregoing reasons, we find that the assignments of error advanced by appellant are without merit. Accordingly, the trial court judgment is affirmed.

*Judgment affirmed.*

GENE DONOFRIO, J., concurs.

Cox, P.J., dissents.

Cox, Presiding Judge, dissenting.

Taking all the facts presented by the majority into consideration, I must respectfully dissent from the majority's decision regarding its finding that appellant violated R.C. 4511.25(B).

This ruling creates an absurd result. The majority decision encourages drivers to violate the speed limit on the Ohio Turnpike, which the state of Ohio has expressly established at sixty-five miles per hour. To find that a driver who sets her cruise control to sixty-five miles per hour with a ten percent variation violates the law is inconceivable. A sensible person may reasonably feel that the flow of traffic in the driving lane impedes his or her ability to safely move into that lane, and thus, that person would remain in the passing lane, continuing at the state's prescribed rate of speed, until he or she felt it was safe to change lanes. Not only does the majority opinion encourage drivers to violate the speed limit, it implicitly jeopardizes the safety of all drivers on the road by suggesting that a driver change lanes when it may be unsafe to do so.

For the above reasons I dissent from the majority opinion and would reverse the trial court's decision.