DECISION AND JUDGMENT ENTRY
{¶ 1} Following a jury trial in the Norwalk Municipal Court, a jury convicted appellant, Shambala Warner, of assault. In this appeal of that conviction, appellate counsel has moved to withdraw, pursuant to Anders v. California (1967),386 U.S. 738.
 {¶ 2} According to the trial testimony of the victim in this matter, in the late evening hours of May 13, 2002, he was attacked by appellant and two others. The victim reported that the three knocked him to the ground and repeatedly punched and kicked him for several minutes. On cross-examination, the victim stated that, because he was covering his face, he did not actually see appellant punch or kick him, but inferred from the things appellant said during the beating that appellant was actively participating. Appellant and two others were arrested a short time later walking near the place where the assault occurred.
 {¶ 3} Appellant denied the charge and produced two witnesses who placed him elsewhere when the attack occurred.
 {¶ 4} Following deliberations, the jury found appellant guilty of assault. The trial court fined him $500 and sentenced him to 180 days in jail, 90 days suspended, restitution and five years probation. This appeal followed.
 {¶ 5} On September 25, 2003, appointed appellate counsel submitted an affidavit and motion to withdraw pursuant toAnders. Counsel asserts that, after a careful review of the record, he was unable to ascertain any arguable issues for appeal. In conformity with Anders, counsel has submitted a brief, setting forth a single potential assignment of error which counsel states that he has considered and rejected. A copy of this brief and motion was submitted to appellant, who was advised of his right to submit a brief on his own behalf. Appellant has not submitted his own brief.
 {¶ 6} Appellate counsel sets forth the following single potential assignment of error:
 {¶ 7} "There was insufficient evidence introduced at trial to sustain the jury verdict of guilty."
 {¶ 8} In an analysis for sufficiency of the evidence, we must determine whether the evidence submitted is legally sufficient to support all of the elements of the offense charged. State v.Thompkins (1997), 78 Ohio St.3d 380, 386-387. Specifically, we must determine whether the state has presented evidence which, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The test is, viewing the evidence in a light most favorable to the prosecution, could any rational trier of fact have found the essential elements of the crime proven beyond a reasonable doubt. Id. at 390 (Cook, J., concurring); State v. Jenks (1991), 61 Ohio St.3d 259, ¶ 2 of the syllabus. See, also, State v. Eley (1978),56 Ohio St.2d 169; State v. Barnes (1986), 25 Ohio St.3d 203.
 {¶ 9} Pursuant to R.C. 2903.13(A), one who "* * * knowingly, cause[s] or attempt[s] to cause physical harm to another * * *" is guilty of assault.
 {¶ 10} In this matter, the victim testified that appellant and two others intentionally knocked him to the ground and kicked and punched him. The victim's testimony and photographs of the victim taken shortly after the beating show the physical harm inflicted. Consequently, the state presented persuasive evidence going to all of the essential elements of the offense.
 {¶ 11} Accordingly, we find counsel's sole potential assignment of error wholly without merit. Moreover, we have carefully examined the record for other errors and find none.
 {¶ 12} On consideration whereof, the court finds that the issues raised in the Anders brief are without merit and wholly frivolous. Counsel's motion to withdraw is well-taken and, hereby, granted. The judgment of the Norwalk Municipal Court is affirmed. Costs to appellant.
Judgment affirmed.
Knepper and Lanzinger, JJ., concur.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Richard W. Knepper, J., Judith Ann Lanzinger, J., ArleneSinger, J., Concur.