DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from judgments of conviction and sentencing for assaulting a corrections officer, issued, following a jury trial, in the Lucas County Court of Common Pleas. Because we conclude that appellant's conviction was supported by the evidence, it is affirmed. Nevertheless, because the trial court failed to make statutorily mandated findings during the sentencing hearing, appellant's sentence is vacated and this matter is remanded to the trial court for resentencing.
 {¶ 2} In 2002, appellant, Karlas Bobo, was an inmate at the Toledo Correctional Institution, serving a life term for aggravated murder. According to the testimony of a corrections officer, on December 22, 2002, appellant became confrontational when the officer found a contraband electrical device in appellant's cell.
 {¶ 3} According to the officer, as the confrontation became more heated, appellant became more belligerent and aggressive. When the corrections officer, aided by other officers, attempted to subdue appellant with handcuffs, appellant struck the officer in the face with his fist. The officer sustained a concussion as the result of this blow.
 {¶ 4} Appellant was charged with assaulting a corrections officer. He pled not guilty and the matter proceeded to jury trial, following which he was found guilty as charged.
 {¶ 5} Following appellant's conviction, the trial court sentenced him to a nine month term of incarceration to be served consecutively with his prior sentence. This appeal followed.
 {¶ 6} On appeal, appellant raises two assignments of error:
 {¶ 7} "The jury's verdict of guilty with regard to the charge of assault is against the manifest weight and sufficiency of the evidence and therefore contrary to law.
 {¶ 8} "The trial court illegally sentenced appellant and/or failed to make the necessary determinations required by law therefore making the sentence contrary to law."
 {¶ 9} In his first assignment of error, appellant asserts that his conviction is against the manifest weight and sufficiency of the evidence. In a criminal context, a verdict or finding may be overturned on appeal if it is either against the manifest weight of the evidence or because there is an insufficiency of evidence. In the former, the appeals court acts as a "thirteenth juror" to determine whether the trier of fact lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered.State v. Thompkins (1997), 78 Ohio St.3d 380, 387. In the latter, the court must determine whether the evidence submitted is legally sufficient to support all of the elements of the offense charged. Id. at 386-387. Specifically, we must determine whether the state has presented evidence which, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The test is, viewing the evidence in a light most favorable to the prosecution, could any rational trier of fact have found the essential elements of the crime proven beyond a reasonable doubt. Id. at 390 (Cook, J. concurring); State v.Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. See, also, State v. Eley (1978), 56 Ohio St.2d 169; State v.Barns (1986), 25 Ohio St.3d 203.
 {¶ 10} R.C. 2903.13(A) provides that "no person shall knowingly cause or attempt to cause physical harm to another * * *." This offense is a felony in the fifth degree if it is committed in a state correctional institution by someone incarcerated in that institution, and where the victim is an employee of the department of correction. R.C. 2903.13(C)(2)(a).
 {¶ 11} At trial, the corrections officer who was injured testified to the events that led to his injury. His testimony was supported by the testimony of two other corrections officers that were present at the time of the event. Their testimony identified appellant, Karlas Bobo, as the person who struck the corrections officer in the face, knocking him to the ground. The record shows that the offense was committed in the Toledo Correctional Institution by appellant, who, at the time of the offense, was incarcerated there. The record also indicates that at the time of the event, the correction officer struck by appellant was an employee of the Toledo Correctional Institution. In viewing the evidence in a light most favorable to the prosecution, this testimony, if believed, establishes the elements of the charged offense.
 {¶ 12} In considering the manifest weight of the evidence presented, we conclude that there was believable evidence for the trier of fact provided by the testimony of the corrections officers. After thoroughly reviewing the entire record, we conclude that there is nothing to suggest that the trier of fact lost its way, or that manifest injustice resulted. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 13} In his second assignment of error, appellant argues that his sentence was improperly entered by the trial court. R.C.2929.14(E)(4) governs the issuance of consecutive sentences. Consecutive sentences may be imposed when they are 1) necessary to protect the public from future crime or to punish the offender, and 2) not disproportionate to the seriousness of the offender's conduct and the danger posed to the public by such offender. After these factors have been established, the court must then find one of the following additional factors present: (a) that the offender committed the multiple offenses while he/she was awaiting trial or sentencing or was under community control sanctions; (b) that the harm caused by the multiple offenses was so great, that a single prison term would not adequately reflect the seriousness of the conduct; or (c) that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes. R.C. 2929.14(E)(4).
 {¶ 14} If a trial court imposes consecutive sentences, it must give its reason for imposing such sentence. R.C.2929.19(B)(2)(c). "[W]hen imposing consecutive sentences, a trial court is required to make the statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 20. Here the trial court neither made the required enumerated findings nor gave its reasons for imposing the consecutive sentence. Accordingly, appellant's second assignment of error is found well-taken.
 {¶ 15} For this reason, the judgment of the Lucas County Court of Common Pleas is affirmed in part and reversed in part. This matter is remanded to the trial court for resentencing in conformity with State v. Comer, supra. Pursuant to App.R. 24, costs assessed to appellee.
Judgment affirmed in part and reversed in part.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Lanzinger, J., Singer, J., Concur.