JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Owen Sampson ("Sampson"), appeals his conviction for theft in violation of R.C. 2913.02, a felony of the fifth degree. Finding no merit to the appeal, we affirm.
 {¶ 2} Sampson checked into the Beachwood Holiday Inn on June 27, 2003. It was expected he would depart two days later; however, he requested to extend his stay. Sampson made three payments and continued to request an extension of his stay. His last payment was made on July 14, when he explained that he would be receiving money from his employer to cover his expenses within a week.
 {¶ 3} Between July 14 and August 7, Sampson's debt continued to grow, and the hotel was having difficulty getting authorization from his credit card company. Hotel staff had several conversations with Sampson regarding his debt, but he assured them he would pay.
 {¶ 4} On August 8, Sampson was scheduled to meet with hotel staff regarding his account, but he vacated the hotel the night before without checking out. Sampson owed $2,563.26.
 {¶ 5} Sampson was found guilty by a jury and appeals his conviction, advancing one assignment of error for our review, which states:
 {¶ 6} "The evidence was insufficient to support a finding of guilt as to the charge of theft because the evidence did not establish that appellant did not intend to pay."
 {¶ 7} Sampson argues that the evidence was insufficient to prove the element of deception and consequently his conviction should be reversed.
 {¶ 8} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, "would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, 273, citing State v.Eley (1978), 56 Ohio St.2d 169, 172. The test for sufficiency requires a determination of whether the state has met its burden of production at trial, whereas a manifest weight challenge questions whether the state has met its burden of persuasion. State v. Thompkins (1997),78 Ohio St.3d 380, 390 (Cook, J., concurring). It must be kept in mind by the appellate court that the relevant inquiry does not involve how the appellate court might interpret the evidence; rather the inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jenks, supra.
 {¶ 9} Sampson was charged with theft in violation of R.C. 2913.02. The indictment read, "Owen Sampson * * * unlawfully, knowingly and by deception obtained or exerted control over services, with the purpose to deprive the owner, Holiday Inn Beachwood, of said property or services. The value of said property or services being $500.00 or more, but less than $5,000.00." "R.C. 2913.01 (A) defines `deception' as `knowingly deceiving another or causing another to be deceived by any false or misleading representation,' and includes withholding information, preventing acquisition of information, or any conduct or lack thereof that `creates, confirms, or perpetuates a false impression in another' as to law, value, state of mind, or any other fact whether it is subjective or objective." State v. Simpson, Summit App. No. 21475, 2004-Ohio-602.
 {¶ 10} In this case, there was sufficient evidence to prove that Sampson tried to deceive the hotel employees by continuously assuring them that he would pay. The evidence indicates that the hotel employees were deceived by his false representations because Sampson had paid previously and they continued to allow him to stay. Furthermore, Sampson left without notifying anyone at the hotel after agreeing to meet with the hotel manager in regard to his account balance. Viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime, including the element of deception, proven beyond a reasonable doubt.
 {¶ 11} Sampson's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., and Kilbane, J., Concur.