The State of Ohio, Appellee, *v.* Eley, Appellant.

(No. 78-311—Decided December 6, 1978.)

Mr. *Vincent E. Gilmartin,* prosecuting attorney, and Mr. *John A. Kicz,* for appellee.
Mr. *Eugene B. Fox,* for appellant.

CELEBREZZE, J.

I.

The appellant raises two propositions of law in the instant cause. In his first proposition of law, appellant contends that a defendant cannot be properly convicted of a crime where the elements necessary to establish the offense are provided in part by the conduct of the defendant and in part by another, unless there is a showing of a common criminal design or conspiracy. This issue was neither raised in the trial court nor was it assigned as error in the Court of Appeals. The Supreme Court will not ordinarily consider a claim of error that was not raised in any way in the Court of Appeals. *State v. Walker* (1978), 55 Ohio St. 2d 208, 217; *State v. Williams* (1977), 51 Ohio St. 2d 112. Furthermore, the record reflects that the jury was adequately instructed on the elements of complicity pursuant to R. C. 2923.03 and no specific objection was raised concerning the trial court's explanation of the law. See Crim. R. 30. Appellant's first proposition of law is, therefore, overruled.

II.

In the appellant's second proposition of law, he contends that a conviction for aggravated robbery based on an "attempt to inflict serious physical harm to another"

is against the manifest weight of the evidence and contrary to law when the victim sustains no injury and is merely wrestled to the ground.

The appellant was indicted for the crime of aggravated robbery in violation of R. C. 2911.01(A)(2). The elements of that crime are set out in the statute as follows:

"(A) No person, in attempting or committing a theft offense as defined in section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, shall do *either* of the following:

"(1) Have a deadly weapon or dangerous ordnance as defined in section 2923.11 of the Revised Code on or about his person or under his control;

"(2) Inflict, or *attempt to inflict serious physical harm on another*.

"(B) Whoever violates this section is guilty of aggravated robbery, a felony of the first degree." (Emphasis added.)

What constitutes "serious physical harm" is further defined by R. C. 2901.01(E). The statute reads, in pertinent part:

"(E) 'Serious physical harm to persons' means *any* of the following:

"(1) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;

"(2) Any physical harm which carries a substantial risk of death;

"(3) Any physical harm which involves some permanent incapacity, whether partial or total, or which involves some temporary, substantial incapacity.

"(4) Any physical harm which involves some permanent disfigurement, or which involves some temporary, serious disfigurement;

"(5) Any physical harm which involves acute pain of such duration as to result in substantial suffering, or which involves any degree of prolonged or intractable pain." (Emphasis added.)

The record reveals that the end result of the struggle

between Levy and his attacker was not "serious physical harm." However, to establish this aggravating element of the crime the facts need only demonstrate an *attemp'* to inflict any one of the results described in R. C. 2901.01(E) (1)-(5).

Furthermore, in considering an assignment of error in a criminal case which attacks the sufficiency of evidence, a certain perspective is required. This court's examination of the record at trial is limited to a determination of whether there was evidence presented, "which, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *Atkins* v. *State* (1926), 115 Ohio St. 542, 546; *State* v. *Sorgee* (1978), 54 Ohio St. 2d 464, 465. Our review is thus confined to a determination of whether there was substantial evidence. *State* v. *Walker, supra,* at page 210; *State* v. *Stewart* (1964), 176 Ohio St. 156, 160; *State* v. *Sheppard* (1956), 165 Ohio St. 293, paragraph five of the syllabus.

The evidence shows that the assailant grabbed at the victim's shirt collar and ripped off his buttons. The victim was tackled on a cement sidewalk and received an injury to both his head and hip. There was, also testimony that the attacker weighed more than Levy and that the victim was turned on his back during the struggle.

From that evidence a jury could reasonably conclude, beyond a reasonable doubt, that the assailant *attempted* to inflict whatever harm was necessary to incapacitate Levy. Furthermore, a jury could reasonably find that the attacker would not have stopped short of serious physical harm had the victim failed to let go of the money bag. Accordingly, we find no merit in the appellant's second proposition of law.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

LEACH, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.