**The STATE of Ohio, Appellee,**

v.

**GARROW, Appellant.**

[Cite as *State v. Garrow* (1995), 103 Ohio App.3d 368.]

Court of Appeals of Ohio,
Fourth District, Gallia County.

No. 94 CA 1.

Decided May 3, 1995.

*Douglas M. Cowles,* for appellee.

*Bennett & Wallen* and *James A. Bennett,* for appellant.

GREY, Judge.

This is an appeal from the Gallipolis Municipal Court. Appellant, Robert Garrow, was found guilty of violating Gallipolis Codified Ordinance 509.03, which prohibits disorderly conduct. Appellant assigns the following error:

"The trial court erred to the prejudice of the defendant/appellant in finding the appellant guilty of disorderly conduct after warning under the city of Gallipolis Codified Ordinance 509.03 since the appellant's conviction was against the manifest weight of the evidence."

The record reveals the following facts. On the evening of August 3, 1993, the Gallipolis Police went to Garrow's home in response to a call from his wife, who was apparently complaining about domestic violence. When they arrived, the police found appellant's wife and his children outside of the home. She told the police that she had not been assaulted and that Garrow was still inside the home. She also told the police that appellant did not have any weapons, and asked the officers to enter the home to talk with him.

The three officers found Garrow sitting in the living room watching the television, which was very loud. The officers attempted to speak with Garrow in conversation, but he refused to talk and sat there deliberately ignoring them. Finally, in an effort to get the appellant's attention, one of the officers turned off the television. Garrow then turned the television back on. Next, one of the officers unplugged the television, and appellant reconnected the plug. While Garrow still would not answer any of the officers' questions, he told the police officers to "leave me alone and don't mess with my television." The officers testified that appellant eventually started to make verbal threats against them. The officers also testified that they warned Garrow several times that his conduct could result in his arrest. Finally, the officers told Garrow that he was being arrested on the charges of menacing and disorderly conduct and he submitted peacefully to his arrest.

A bench trial was held on December 10, 1993. The officers testified that, although they recognized that he had the right to remain silent, they had tried to turn off the television in order to get appellant's attention. They testified that Garrow had, in fact, threatened them and that they felt that they had reason to be afraid. The appellant testified that he did not threaten the officers. The court apparently found the testimony about the threats insufficient because it found appellant not guilty on the charge of menacing. There was also testimony that Garrow was yelling, and Garrow did admit to strongly objecting to the officers turning off his television. The court found him guilty of disorderly conduct. This appeal follows.

■ In his sole assignment of error, Garrow submits that his conviction was against the manifest weight of the evidence. A reviewing court will not reverse a conviction if there is substantial evidence upon which the court could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt. *State v. Johnson* (1991), 58 Ohio St.3d 40, 567 N.E.2d 266; *State v. Eskridge* (1988), 38 Ohio St.3d 56, 526 N.E.2d 304. In reviewing a claim

that a verdict is against the manifest weight of the evidence, a reviewing court's duty is to weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether the trier of fact clearly lost his or her way and created such a manifest miscarriage of justice that the conviction must be reversed. *State v. Brown* (1988), 38 Ohio St.3d 305, 528 N.E.2d 523. See, also, *State v. Banks* (1992), 78 Ohio App.3d 206, 604 N.E.2d 219; *State v. Martin* (1983), 20 Ohio App.3d 172, 20 OBR 215, 485 N.E.2d 717. However, this review is tempered by the principle that questions of weight and credibility are primarily for the trier of fact. *State v. DeHass* (1968), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212.

Gallipolis Codified Ordinance 509.03, under which the appellant was charged, is identical to R.C. 2917.11(A)(1). R.C. 2917.11(A)(1) states the following:

"(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another, by doing any of the following:

"(1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior."

According to the testimony of the officers, Garrow threatened to harm the officers, and two of the officers testified that they took those threats of harm seriously. The appellant testified, however, that he never threatened the officers. Because of the contradictory testimony, the issue becomes which testimony the trial court found to be credible. Because of the trial court's verdict finding appellant not guilty of menacing, it can only be assumed that the court found the officers' version of events to be less credible than that of the appellant. Credibility is primarily a question for the trier of fact. See *DeHass, supra*. This court can find no reason to question the trial court's finding that appellant did not threaten or menace the officers.

Thus, the sole question for this appeal is whether there is substantial evidence to establish that appellant had caused annoyance or alarm to the officers. The appellant claims that the officers had no right to turn off or unplug his television in order to get him to talk to them. The officers testified that, at first, there was no confrontation because appellant was pointedly ignoring them. They admitted that the situation escalated only after they kept turning off the television.

The state argues that because there was testimony the officers had warned Garrow that his behavior could lead to arrest, he was, at least, reckless in continuing on insisting that he would not speak to the police and in demanding that they leave him and his television set alone. We do not believe that for a person to tell the police, even in a loud voice, that he will not speak to them and to leave his home constitutes violent or turbulent behavior.

Therefore, we hold that there was not sufficient substantial evidence on which the trial court could have found that all of the elements showing a violation of the Gallipolis ordinance had been proven beyond a reasonable doubt.

After reviewing the entire record, weighing all of the evidence, and after making all reasonable inferences in favor of the appellee, we find the verdict is not established by the evidence in this case.

Garrow's assignment of error is well taken and is sustained. The judgment of the trial court is reversed, and defendant is ordered discharged.

*Judgment reversed.*

HARSHA, J., concurs.

STEPHENSON, J., dissents.

LAWRENCE GREY, J., retired, of the Fourth Appellate District, sitting by assignment.