DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Peter Theado appeals from his conviction for trafficking in marijuana, pursuant to R.C. 2925.03(A)(1). We affirm.
On August 15, 1995, the Lorain County Grand Jury indicted appellant Peter Theado on one count of trafficking in marijuana, in violation R.C. 2925.03(A)(1), and one count of drug abuse, in violation of R.C. 2925.11(A). The indictment stemmed from a conversation taped by the Lorain County Drug Task Force department wherein Theado attempted to sell drugs to a confidential informant.
Theado waived his right to a jury trial and his case was tried to the Lorain County Court of Common Pleas on August 14, 1996. The trial court convicted Theado on both counts and sentenced him accordingly. This appeal followed.
Theado appeals only from his conviction for trafficking in marijuana. While he fails to include an assignment of error in his brief as required by App.R. 16(A)(3), Theado appears to assert that his conviction for trafficking was based upon insufficient evidence. This contention is not well taken.
"With respect to sufficiency of the evidence, `"sufficiency" is a term of art meaning that legal standard which is applied to determine whether * * * the evidence is legally sufficient to support the [conviction] as a matter of law.'" State v. Thompkins
(1997), 78 Ohio St.3d 380, 386, quoting Black's Law Dictionary (6 Ed. 1990) 1433. In order for this court to determine whether Theado's conviction was supported by sufficient evidence, we must view the evidence in the light most favorable to the prosecution, and ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. SeeJackson v. Virginia (1979), 443 U.S. 307, 319, 61 L.Ed.2d 560,573; State v. Jamison (1990), 49 Ohio St.3d 182, 191; State v.Eley (1978), 56 Ohio St.2d 169, syllabus.
R.C. 2925.03(A)(1) provides that no person shall "[s]ell or offer to sell a controlled substance in an amount less than the minimum bulk amount." Theado claims the State presented insufficient evidence at trial to convict him pursuant to R.C.2925.03(A)(1). We disagree. The State offered the following testimony of Lisa Hamrick, a confidential informant, in support of its case:
 Q. (by the prosecutor) And did there come a time on that day, the 18th, when you ran into [Theado]?
A. Yes, there was.
Q. And did you have conversation with him?
A. Yes, I did.
Q. What did you say to Mr. Theado?
 A. I asked him if he had any crack cocaine. I didn't say cocaine, but I asked if he had any crack and he said, "No, I have rod."
Q. What is rod?
A. Marijuana.
* * *
Q. What did you say after he offered you rod?
 A. I told him no, I didn't want the rod, the marijuana[.]
* * *
 Q. Do you know if he had marijuana on his person that he could have sold you on that occasion?
A. Yes.
Q. How do you know that?
A. I seen it.
Hamrick further testified she had purchased drugs from Theado repeatedly in the past. Viewing Hamrick's testimony in a light favorable to the prosecution, we believe the trial court could properly infer that Theado offered to sell marijuana to Hamrick. Upon review of the record, we find a rational trier of fact could conclude, beyond a reasonable doubt, that Theado's actions violated R.C. 2925.03(A)(1).
Accordingly, the judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ JOHN W. REECE, FOR THE COURT
QUILLIN, P. J.
DICKINSON, J., CONCUR