JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Jose E. Bruno ("Bruno"), appeals his conviction for felonious assault. Finding no merit to the appeal, we affirm.
 {¶ 2} In August 2003, Bruno was charged with felonious assault and vandalism. The matter proceeded to a jury trial, where the following evidence was presented.
 {¶ 3} In June 2003, Jeffrey Meredith ("Meredith") and his wife were employed as karaoke "DJs" at a local bar. Meredith and his friend, Brian Coyne ("Coyne") were outside the bar when Meredith saw Jose A. Bruno's ("Big Jose") SUV pull into a nearby parking lot. Meredith and Coyne entered the bar, where one of the patrons asked to perform a song with the karaoke equipment. As Meredith began setting up the equipment, four men, including Big Jose and Bruno, attacked Meredith from behind, knocking him to the floor. The attackers repeatedly kicked and punched him, causing injury to his face, head, and body.
 {¶ 4} The jury acquitted Bruno of vandalism, but found him guilty of felonious assault. The trial court sentenced him to two years in prison. Bruno appeals, raising two assignments of error, which will be addressed together.
Sufficiency and Manifest Weight of the Evidence
 {¶ 5} In his first assignment of error, Bruno argues the trial court erred in overruling his motion for acquittal because his conviction was not supported by sufficient evidence. In his second assignment of error, Bruno argues that his conviction was against the manifest weight of the evidence. Although these arguments involve different standards of review, we consider them together because we find the evidence in the record applies equally to both.
 {¶ 6} The standard of review with regard to the sufficiency of evidence is set forth in State v. Bridgeman (1978), 55 Ohio St.2d 261,381 N.E.2d 184, syllabus, as follows:
"Pursuant to Criminal Rule 29(A), a court shall not order an entry ofjudgment of acquittal if the evidence is such that reasonable minds canreach different conclusions as to whether each material element of acrime has been proved beyond a reasonable doubt."
 {¶ 7} See, also, State v. Apanovitch (1987), 33 Ohio St.3d 19, 23,514 N.E.2d 394; State v. Davis (1988), 49 Ohio App.3d 109, 113,550 N.E.2d 966. Bridgeman must be interpreted in light of the sufficiency test outlined in State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, in which the Ohio Supreme Court held:
"An appellate court's function when reviewing the sufficiency of theevidence to support a criminal conviction is to examine the evidencesubmitted at trial to determine whether such evidence, if believed, wouldconvince the average mind of the defendant's guilt beyond a reasonabledoubt. The relevant inquiry is whether, after viewing the evidence in alight most favorable to the prosecution, any rational trier of fact couldhave found the essential elements of the crime proven beyond a reasonabledoubt." (Citations omitted.)
 {¶ 8} In evaluating a challenge to the verdict based on manifest weight of the evidence, a court sits as the thirteenth juror, and intrudes its judgment into proceedings which it finds to be fatally flawed through misrepresentation or misapplication of the evidence by a jury which has "lost its way." State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52, 678 N.E.2d 541. As the Ohio Supreme Court declared:
"Weight of the evidence concerns `the inclination of the greater amountof credible evidence offered in a trial, to support one side of the issuerather than the other. It indicates clearly to the jury that the partyhaving the burden of proof will be entitled to their verdict, if, onweighing the evidence in their minds, they shall find the greater amountof credible evidence sustains the issue which is to be established beforethem. Weight is not a question of mathematics, but depends on its effectin inducing belief.'
* *
The court, reviewing the entire record, weighs the evidence and allreasonable inferences, considers the credibility of witnesses anddetermines whether in resolving conflicts in the evidence, the juryclearly lost its way and created such a manifest miscarriage of justicethat the conviction must be reversed and a new trial ordered. Thediscretionary power to grant a new trial should be exercised only in theexceptional case in which the evidence weighs heavily against theconviction." Id. at 387.
 {¶ 9} However, this court must be mindful that the weight of the evidence and the credibility of witnesses are matters primarily for the trier of fact, and a reviewing court must not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the State has proven the offense beyond a reasonable doubt. DeHass
(1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus; State v. Eley (1978), 56 Ohio St.2d 169, 383 N.E.2d 132. The ultimate goal of the reviewing court is to determine whether the new trial is mandated. We should grant a new trial only in the "exceptional case in which the evidence weighs heavily against conviction." State v.Lindsey, 87 Ohio St.3d 479, 483, 2000-Ohio-465, 721 N.E.2d 995, 1002.
 {¶ 10} Bruno was charged with felonious assault pursuant to R.C.2903.11(A)(2), which provides, in pertinent part, that no person shall knowingly cause serious physical harm to another. Serious physical harm is defined in R.C. 2901.01(A)(5). As it pertains to the instant case, "serious physical harm" can be "any physical harm that carries a substantial risk of death"; or "involves some permanent incapacity" or "some temporary, substantial incapacity"; or "involves some permanent disfigurement" or "temporary, serious disfigurement"; or "involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain." R.C.2901.01(A)(5)(b)-(e).
 {¶ 11} In the instant case, Meredith testified that he was attacked by four men inside the bar, who repeatedly kicked and punched him in the face, head, and body. After falling to the floor, Meredith tried to block his face and body with his arms and hands. Meredith testified that Bruno, Big Jose, and two other men assaulted him. Meredith's wife testified that she saw four men hitting and kicking her husband, and that Bruno "was off to the side doing it." Coyne also testified that Bruno kicked Meredith.
 {¶ 12} Renee Suecopp ("Suecopp"), a bar patron, testified that she saw four men looking into the bar, and when they entered, they immediately attacked Meredith. She identified Bruno as one of the attackers. She further testified that Meredith did not initiate the attack.
 {¶ 13} Michelle Rose, Meredith's sister-in-law, testified that, although she was very intoxicated that night, she believed that Meredith was attacked in retaliation for an earlier incident in which Meredith had intervened in an argument she had with Big Jose.
 {¶ 14} Officer Michael Torok, the investigating officer, admitted that the witness statements contained inconsistencies, but he concluded that the witnesses all agreed that Meredith was attacked by Bruno and Big Jose.
 {¶ 15} The testimony, medical records, and photographs established that Meredith sustained a severely swollen black eye, which took approximately one month to heal. He also sustained a head laceration that required staples. Meredith also testified that the attack irritated prior back and knee injuries, and he may have lost consciousness during the assault. From the testimony and evidence, we find that Meredith sustained serious physical harm as a result of the assault.
 {¶ 16} Therefore, viewing the evidence in the light most favorable to the prosecution, we find that there was sufficient evidence to support Bruno's conviction for felonious assault. We also find that his conviction was not against the manifest weight of the evidence.
 {¶ 17} Accordingly, the first and second assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant THE costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and McMonagle, J. concur.