JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Gerald Brown ("Brown"), appeals his convictions for domestic violence and assault. Finding no merit to the appeal, we affirm.
 {¶ 2} In 2005, Brown was charged with child endangering, assault, and domestic violence, which contained a furthermore clause that he had a prior domestic violence conviction in 1999. The matter proceeded to a bench trial where the following evidence was presented.
 {¶ 3} On Thanksgiving Day in 2004, Brown was involved in a physical altercation with his girlfriend, Vakeeta Simmons ("Simmons") and her mother, Brenda Simmons-Rogers ("Rogers"). While dinner was being prepared, Simmons and Brown began to argue. Rogers testified that Brown became more argumentative and, when she attempted to intervene, Brown picked her up and threw her down. Rogers further testified that Simmons jumped on Brown's back attempting to stop the altercation. According to Rogers, Brown threw or pushed Simmons off his back onto the floor, causing Simmons to lose a clump of hair.
 {¶ 4} Raymond Rogers ("Raymond"), Rogers' fiancé, also testified that Brown knocked Rogers to the floor and "flipped" Simmons off his back. Following the altercation, Brown threw a brick through the glass-topped dining room table, causing it to shatter.
 {¶ 5} Officer Dave Shapiro testified that when he arrived at the scene, he heard arguing inside the apartment. He testified that Brown was bleeding slightly from a head wound, and that there was broken glass covering the floor.
 {¶ 6} Brown testified that he and Simmons began to argue over Simmons' not telling him that her family was coming to dinner. He stated that Rogers intervened and attempted to grab his neck. After he broke her grip, Rogers attempted to strike him and to put him in a "headlock." Meanwhile, Simmons had jumped on his back. Attempting to free himself from the headlock, he pushed against Rogers while grabbing her ankles, causing everyone to fall to the floor. Brown denied intentionally breaking the table with the brick; however, he admitted that the glass broke. He also denied the allegations against him, claiming that he was only acting in self-defense.
 {¶ 7} The court found Brown guilty of domestic violence and assault and not guilty of child endangering. Brown was sentenced to one year of community control sanctions for the domestic violence conviction and received a suspended six-month jail sentence and eighteen months probation for the assault conviction.
 {¶ 8} Brown appeals his convictions, raising two assignments of error, which will be addressed together.
 {¶ 9} In his two assignments of error, Brown argues that his convictions for domestic violence and assault are not supported by sufficient evidence and are against the manifest weight of the evidence. Although these assignments involve different standards of review, we consider them together because we find the evidence in the record applies equally to both.
 {¶ 10} A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the State has met its burden of production at trial. State v.Thompkins, 78 Ohio St.3d 380, 390, 1997-Ohio-52, 678 N.E.2d 541. On review for sufficiency, courts are to assess not whether the State's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. Id. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
 {¶ 11} In evaluating a challenge to the verdict based on manifest weight of the evidence, a court sits as the thirteenth juror, and intrudes its judgment into proceedings that it finds to be fatally flawed through misrepresentation or misapplication of the evidence by a jury that has "lost its way." Thompkins,
supra at 387. As the Ohio Supreme Court declared:
"Weight of the evidence concerns `the inclination of the greater amount of credible evidence offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' * * *
The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id.
 {¶ 12} The court must be mindful that the weight of the evidence and the credibility of witnesses are matters primarily for the trier of fact. State v. Bruno, Cuyahoga App. No. 84883,2005-Ohio-1862. A reviewing court will not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the prosecution proved the offense beyond a reasonable doubt. State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus; Statev. Eley (1978), 56 Ohio St.2d 169, 383 N.E.2d 132. Moreover, in reviewing a claim that a conviction is against the manifest weight of the evidence, the conviction cannot be reversed unless it is obvious that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v.Garrow (1995), 103 Ohio App.3d 368, 370-371, 659 N.E.2d 814.
 {¶ 13} Brown was charged with domestic violence, under R.C.2919.25(A), which provides that no person shall knowingly cause or attempt to cause physical harm to a family or household member.
 {¶ 14} It is undisputed that Simmons is a family or household member because she is the mother of Brown's two children. The evidence demonstrates that during the altercation with Rogers, Simmons jumped on Brown's back, while attempting to stop the incident. According to Rogers, Brown threw or pushed Simmons off his back, which caused Simmons to lose a "clump" of hair. During cross-examination, Rogers testified that Brown only "shrugged" Simmons off his back. Raymond testified that Brown "flipped" Simmons off his back and that she had lost some hair. According to Brown, Simmons was "on the rear end of me like she was trying to hold me down." Brown denied "flipping" Simmons off his back; however, he testified that she came "hurling over my back" as he and Rogers fell to the floor. Simmons did not testify.
 {¶ 15} Viewing the evidence in the light most favorable to the prosecution, we find that there was sufficient evidence to support Brown's conviction for domestic violence involving Simmons. The testimony indicates that Brown "flipped" her off his back, causing her to lose a clump of hair.
 {¶ 16} Brown contends that there is "absolutely no evidence of domestic violence." We disagree. The testimony reveals that Brown either threw or "flipped" Simmons off his back. Brown testified that Simmons fell from his back as a result of his falling into Rogers. Although the testimony is inconsistent, the trier of fact resolves evidentiary inconsistencies and witness credibility. Moreover, a conviction may be upheld "even when the evidence is susceptible to some possible, plausible, or even reasonable theory of innocence." Jenks, supra at 272. Brown's actions were done knowingly because he was aware that when he "flipped" Simmons off his back, he was taking a substantial step towards causing or attempting to cause her physical harm. Therefore, we also find that his conviction was not against the manifest weight of the evidence.
 {¶ 17} Brown was also charged with assault pursuant to R.C.2903.13(A), which provides that no person shall unlawfully and knowingly cause or attempt to cause physical harm to another.
 {¶ 18} The evidence presented at trial demonstrated that Rogers' fingers were injured. She testified that Brown picked her up and threw her to the floor. Raymond corroborated her testimony. Officer Shapiro testified that Rogers' testimony was consistent with the statement she gave him on the date of incident.
 {¶ 19} Brown testified that Rogers initiated the physical contact by grabbing his neck. He claimed that Rogers attempted to strike him and then she put him in a "headlock," while shuffling him into the dining room. He stated that he put his hand behind her ankle and pushed his shoulder into her body, causing her to fall backward.
 {¶ 20} Based on the testimony of the parties and viewing the evidence in the light most favorable to the prosecution, we find that there was sufficient evidence to support his conviction for assault. We also find that his conviction was not against the manifest weight of the evidence. Although Brown argues that Rogers' credibility is problematic, we are mindful that the credibility of witnesses is a matter primarily for the trier of fact. Bruno, supra. The evidence shows that Brown knowingly caused or attempted to cause physical harm to Rogers when he threw her to the floor.
 {¶ 21} Therefore, we find that there was sufficient evidence to support Brown's convictions for domestic violence and assault. We also find that his conviction was not against the manifest weight of the evidence.
 {¶ 22} Accordingly, the first and second assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J. and Kilbane, J. Concur.