JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Alfonzo Russell ("Russell"), appeals his convictions and sentence. Finding some merit to the appeal, we affirm in part, modify in part, and remand for resentencing.
 {¶ 2} In 2005, Russell was charged with robbery and burglary. The matter was tried to the bench, where the following evidence was presented.
 {¶ 3} In April 2005, Diane Gaston ("Gaston") was working in her office at Cuyahoga Community College. She testified that she left her office to get a cup of coffee and noticed a man standing in the hall outside the faculty area. On her way back to her office, she saw another man near the faculty offices. She identified this man as Russell. According to Gaston, when Russell saw her, he "ducked back" behind the wall. She testified that there had been prior thefts of purses from the offices, and she thought that Russell may have been in her office. As she approached the area where Russell was standing, she heard something drop to the floor. Russell came around the corner, and she asked him if she could "help" him. He responded, "No," brushed by her, and left the faculty office area.
 {¶ 4} Gaston then called security. She found her purse in the hallway where Russell had been, and discovered that approximately $40 was missing from the purse. She testified that she had left her purse in a file cabinet in her office.
 {¶ 5} Professor Carolyn Modic testified that Russell was a student in her class, and that on the day of the incident, Russell left class early and never returned.
 {¶ 6} Russell testified that he left class early to see Dean Patricia Mintz. According to Russell, he entered the faculty office area, but did not speak to the Dean. He admitted that Gaston approached him and inquired whether she could help him. He declined her offer and exited the area. At that time, Russell approached Mark Jones ("Jones"), another student in the class, and asked him to retrieve Russell's belongings and to bring them to him. Russell denied taking Gaston's purse from her office or stealing any money.
 {¶ 7} The Dean's administrative assistant testified that Russell did not have an appointment with Dean Mintz that day nor could she recall whether Russell saw the Dean that day. According to Dean Mintz, she did not meet with Russell that day.
 {¶ 8} Jones testified that he saw Russell leave the classroom that day. He stated that Russell later returned to the classroom doorway and asked him to bring Russell's coat and books to him across campus. According to Jones, Russell "seemed like he was referring to like something happened, something bad happened." * * * It was like a bad situation at the time. I don't know what he did. I don't know what he did before that time, but he was like shaking. He looked like he was in just a rush to go. He was in a rush. It was like he couldn't wait."
 {¶ 9} The court found Russell not guilty of robbery, but guilty of "theft; aggravated theft/2913.02 — F5," and guilty of burglary as charged in the indictment. He was sentenced to six months in prison for the felony theft conviction and three years for burglary. All sentences were ordered to be served concurrently.
 {¶ 10} Russell appeals, raising five assignments of error, which will be addressed together where appropriate.
 Convictions {¶ 11} In his first and second assignments of error, Russell argues that his convictions are not supported by sufficient evidence and are against the manifest weight of the evidence. He argues in his third assignment of error that the court erred in convicting him of aggravated theft.
 {¶ 12} Although the first two arguments involve different standards of review, we consider them together because we find the evidence in the record applies equally to both.
 {¶ 13} A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the State has met its burden of production at trial. State v. Thompkins, 78 Ohio St.3d 380,390, 1997-Ohio-52, 678 N.E.2d 541. On review for sufficiency, courts are to assess not whether the State's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. Id. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
 {¶ 14} In evaluating a challenge to the verdict based on manifest weight of the evidence, a court sits as the thirteenth juror, and intrudes its judgment into proceedings that it finds to be fatally flawed through misrepresentation or misapplication of the evidence by a jury that has "lost its way." Thompkins, supra at 387. As the Ohio Supreme Court declared:
 "Weight of the evidence concerns `the inclination of the greater amount of credible evidence offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' * * *
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id.
 {¶ 15} The court must be mindful that the weight of the evidence and the credibility of witnesses are matters primarily for the trier of fact. State v. Bruno, Cuyahoga App. No. 84883, 2005-Ohio-1862. A reviewing court will not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the prosecution proved the offense beyond a reasonable doubt. State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus; State v.Eley (1978), 56 Ohio St.2d 169, 383 N.E.2d 132. Moreover, in reviewing a claim that a conviction is against the manifest weight of the evidence, the conviction cannot be reversed unless it is obvious that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.State v. Garrow (1995), 103 Ohio App.3d 368, 370-371, 659 N.E.2d 814.
 {¶ 16} The court found Russell guilty of burglary and "theft; aggravated theft/2913.02 — F5." Pursuant to R.C. 2911.12(A)(3), a person is guilty of burglary if by force, stealth, or deception, the person trespasses in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, with the purpose to commit any criminal offense.
 Burglary Conviction {¶ 17} In the instant case, sufficient evidence supports Russell's conviction for burglary. Gaston testified that as she returned to her office, she saw Russell coming around the corner of the back hall. According to Gaston, when Russell saw her, he "ducked back" into the area where the faculty offices are located. She testified that she heard something drop to the floor and then she heard someone running. As the man ran away, she approached, asked him to stop, and offered to "help" him. The man told her he had to go, and he brushed past her and proceeded out the door. When she returned to the area where she had heard something drop, she found her purse on the hallway floor. After inspecting her purse, she discovered that approximately $40 was missing.
 {¶ 18} Jones testified that he saw Russell leave class approximately fifteen minutes early. Jones left the classroom to use the restroom five or ten minutes later. He testified that Russell approached him and asked him to bring his coat and books from inside the classroom. When asked whether he thought that was odd, Jones responded: "He seemed like he was referring to like something happened, something bad happened.* * * It was like a bad situation at the time. I don't know what he did. I don't know what he did before that time, but he was like shaking. He looked like he was in just a rush to go. He was in a rush. It was like he couldn't wait."
 {¶ 19} Russell claimed that he left class to meet with Dean Mintz to discuss a matter involving another professor. He testified that he entered the faculty area to make an appointment but no one was there. Russell denied entering Gaston's office or taking her purse. He further denied stealing any money from Gaston's purse.
 {¶ 20} After viewing the evidence in the light most favorable to the prosecution, we find sufficient evidence exists to support Russell's burglary conviction. Gaston positively identified Russell as the person she saw "ducking back" behind the wall in the faculty area, and she also heard something drop before Russell brushed by her to exit the area. She found her purse in the hallway from which Russell had just emerged, after hearing something drop. She had left her purse in a file cabinet in her office. Moreover, Jones' testimony that Russell was in a hurry to leave and that he had asked him to retrieve his coat and books from the classroom creates a reasonable inference that Russell was involved in wrongdoing.
 {¶ 21} Moreover, the burglary conviction is not against the manifest weight of the evidence. Although Russell testified that he entered the faculty area to make an appointment with the Dean and denied taking Gaston's purse from her office, other testimony disputes his version of the incident. Gaston positively identified Russell as the person who "ducked back" into the faculty hallway. This attempt to avoid detection constituted stealth. Jones testified that Russell acted as if he was in a hurry to leave. Moreover, Russell's own testimony was contradictory as to whether he had met with Dean Mintz. We cannot say that the court lost its way in finding Russell guilty of burglary. The court heard the testimony of the witnesses, including all direct and circumstantial evidence, and found that Russell committed an act of burglary by entering Gaston's office, removing her purse from the filing cabinet, and taking money from the purse.
 Felony Theft Conviction {¶ 22} However, we agree with Russell's argument in his third assignment of error that the evidence was insufficient to support a felony-five theft conviction or an aggravated theft conviction. The State concedes that the evidence is insufficient to support such a conviction.
 {¶ 23} In order to be convicted of a fifth degree felony for theft, the "value of the property or services stolen is five hundred dollars or more and is less than five thousand dollars or if the property stolen is any of the property listed in section 2913.71 of the Revised Code." Moreover, "aggravated theft" occurs when the value of the property stolen exceeds one hundred thousand dollars. In the instant case, the value of the stolen property was approximately $40. Therefore, the evidence does not support a felony-five or an aggravated theft conviction. Pursuant to R.C. 2913.02(B)(2), when the value of the property stolen is less than $500, a person is guilty of petty theft, a first degree misdemeanor. Based on the evidence in the record, Russell could have been convicted of only petty theft, a first degree misdemeanor.
 {¶ 24} After reviewing the evidence presented and based on our previous analysis, we find sufficient evidence to support a conviction for petty theft, and such conviction is not against the manifest weight of the evidence.
 {¶ 25} Therefore, we find that Russell's burglary conviction is supported by sufficient evidence and is not against the manifest weight of the evidence. However, we find that the evidence is insufficient to support a fifth degree felony theft conviction or an aggravated theft conviction. Nevertheless, the trier of fact could reasonably have found Russell guilty of petty theft. We hold that the judgment of the trial court finding Russell guilty of "theft; aggravated theft/2913.02 — F5," should be modified to reflect a conviction for petty theft, a first degree misdemeanor.
 {¶ 26} Accordingly, we overrule the first and second assignments of error, but find merit in the third assignment of error and modify the felony theft conviction to a misdemeanor.
 Sentence {¶ 27} In his fourth and fifth assignments of error, Russell challenges his sentence. He argues that because he could have been convicted of only a misdemeanor theft, he could not be sentenced to prison for such a conviction. He further argues that because he was convicted of burglary pursuant to R.C. 2911.12(A)(3), he was convicted of a third degree felony and not a second degree felony as stated by the court. Therefore, according to Russell, the trial court erred in sentencing him to three years for the burglary conviction.
 {¶ 28} Because of our modification of Russell's theft conviction from a fifth degree felony to a first degree misdemeanor, we must vacate that portion of his sentence that ordered him to serve six months in prison for the theft conviction and remand for resentencing on the modified petty theft conviction. Pursuant to R.C. 2929.24(A), convictions for misdemeanors are punishable by a "jail term" not a "prison term."
 {¶ 29} Furthermore, we vacate that portion of Russell's sentence pertaining to his burglary conviction as argued in his fifth assignment of error. Pursuant to R.C. 2929.14(A)(3), a person can be sentenced for a third degree felony from one to five years in prison. Although the sentence imposed by the trial court is within the statutory range, the court misstated the actual felony level of the offense when imposing the sentence, and should be given the opportunity to clarify its actual intentions. Therefore, we vacate the entire sentence and remand for resentencing and correction of the journal entry to reflect a third degree felony for burglary as well as the modification to petty theft.
 {¶ 30} Accordingly, the fourth and fifth assignments of error are sustained.
 {¶ 31} Judgment affirmed in part, modified in part, and the matter is remanded for resentencing and correction of Russell's record of conviction.
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., P.J. CONCURS; CHRISTINE T. McMONAGLE, J. DISSENTS (SEE SEPARATE OPINION)