{¶ 1} Defendant-appellant, Cecil Briscoe ("Briscoe"), appeals his convictions. Finding no merit to the appeal, we affirm.
 {¶ 2} In 2005, Briscoe was charged with kidnapping with a sexual motivation specification, abduction, attempted gross sexual imposition, disrupting public service, assault, and theft. Briscoe waived his right to a jury trial, and the following evidence was presented at his bench trial.
 {¶ 3} On August 16, 2005 at 2:00 a.m., Briscoe arrived at the victim's house unannounced and uninvited. The victim testified that she was sleeping on her couch and awoke when she heard her dog barking. She looked out the back door and saw Briscoe standing there. She and Briscoe worked together, and they had previously gathered with friends at her house on August 13.
 {¶ 4} According to the victim, she did not invite Briscoe into her house, yet he entered and made himself "comfortable" in her living room. The victim asked Briscoe to leave several times; however, he kept making sexual propositions to her, which she declined. Briscoe then grabbed the victim and tried to put his hands in her pants. He wrestled her to the floor and held down her head. The victim stated that she could not move because he was restraining her. When she tried to break free, he grabbed her shirt, which tore away. The victim struggled with Briscoe and punched him once. He then attempted to drag her by the hair to the back of the house. When the victim's dog came back into the house, she was able to break free. Briscoe then retreated into the living room. The victim dialed 911 from the hallway phone. When Briscoe saw her on the phone, he ripped the phone from the wall. When the 911 dispatcher called back, Briscoe grabbed some money from a table and the victim's cell phone and left the house. The victim testified that she was terrified, and she thought Briscoe was going to choke and kill her.
 {¶ 5} Officer Brian Kozar testified that he responded to a call involving a possible assault. After receiving a description of the alleged perpetrator, he located Briscoe approximately a block and a half from the victim's house. Briscoe told Kozar that he had been at a co-worker's house when she "flipped out." Briscoe claimed that they had been drinking beer at her house. However, Kozar found no beer containers at the house or in the trash can. Kozar testified that there was evidence of a struggle inside the victim's house, and that the victim was upset, claiming she had been assaulted. Kozar observed that the victim appeared injured, her clothes were in disarray, and she was bleeding. According to Kozar, Briscoe changed his story regarding how he arrived at the victim's house, and he denied taking the victim's cell phone.
 {¶ 6} Detective Dennis Begansky testified that he searched for the victim's cell phone. A neighbor found the phone in the bushes. Begansky also testified that he took a statement from Briscoe regarding the incident. Briscoe changed his story about drinking beer with the victim when Begansky told him that no beer containers were discovered in the victim's home. When Begansky questioned him about the cell phone, Briscoe denied taking the phone and told the officer that the victim must have thrown it in the bushes before she called the police. Begansky further testified regarding the 911 call, which was played during trial. The victim could be heard on the 911 tape stating that "he was pulling my hair like he was trying to rape me."
 {¶ 7} Briscoe admitted that he committed the acts of disrupting a public service by tearing the phone from the wall, assault by causing some of the injuries shown in the photos, and theft by taking the victim's cell phone. However, Briscoe denied that he kidnapped or abducted the victim or that he attempted to commit an act of gross sexual imposition. He claimed that he and the victim had used cocaine and then engaged in consensual "rough sex," during which she sustained some of the injuries depicted in the photos. Briscoe stated that he choked the victim and grabbed her arm because she asked him to do so. He claimed that the victim "flipped out" when she discovered that her cocaine was missing and so she called 911. Briscoe became nervous when she did this and, therefore, he tore the phone from the wall. He further admitted that he grabbed the victim's necklace from her neck before he left her house. When asked why he had lied to police about taking the cell phone, Briscoe testified that he was scared and nervous because he was under the influence of drugs.
 {¶ 8} The evidence included photos showing injuries the victim sustained during the struggle, including bruises on her neck, face, arm, knees, and chest. The photos also showed scratches on her neck.
 {¶ 9} The court found Briscoe guilty of all charges, including the specification, and sentenced him to three years for kidnapping with a sexual motivation specification, one year for abduction, and six months each for attempted gross sexual imposition, disrupting a public service, assault, and theft. All sentences were ordered to be served concurrently, for a total of three years in prison.
 {¶ 10} Briscoe appeals, arguing in his sole assignment of error that his convictions for attempted gross sexual imposition, kidnapping, and abduction are against the manifest weight of the evidence.
 {¶ 11} In evaluating a challenge to the verdict based on manifest weight of the evidence, a court sits as the thirteenth juror, and intrudes its judgment into proceedings that it finds to be fatally flawed through misrepresentation or misapplication of the evidence by a jury that has "lost its way." State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52, 678 N.E.2d 541. As the Ohio Supreme Court declared:
 "Weight of the evidence concerns `the inclination of the greater amount of credible evidence offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' * * *
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id.
 {¶ 12} The court must be mindful that the weight of the evidence and the credibility of witnesses are matters primarily for the trier of fact. State v. Bruno, Cuyahoga App. No. 84883, 2005-Ohio-1862. A reviewing court will not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the prosecution proved the offense beyond a reasonable doubt. State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus; State v.E/ey (1978), 56 Ohio St.2d 169, 383 N.E.2d 132. Moreover, in reviewing a claim that a conviction is against the manifest weight of the evidence, the conviction cannot be reversed unless it is obvious that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Garrow (1995), 103 Ohio App.3d 368, 370-371,659 N.E.2d 814.
 {¶ 13} Briscoe was charged with kidnapping under R.C. 2905.01(A)(3), (4), and (5), which provides that no person, by force, threat, or deception, shall remove another from the place where the other person is found or restrain the liberty of the other person for the purposes of terrorizing or inflicting physical harm on the victim, and/or engaging in sexual activity with the victim against the victim's will, and/or hindering, impeding, or obstructing a function of government. The sexual motivation specification provides that the offender committed the offense with sexual motivation. R.C. 2941.147.
 {¶ 14} Briscoe was also charged with attempted gross sexual imposition pursuant to R.C. 2923.02/2907.05, which provides that no person shall attempt to have sexual contact with another, who is not the spouse of the offender, by purposely compelling the victim to submit by force or threat of force.
 {¶ 15} Finally, Briscoe was charged with abduction under R.C. 2905.02(A)(2), which provides that no person, without privilege to do so, shall knowingly, by force or threat, restrain the liberty of another person, under circumstances which create a risk of physical harm to the victim, or place the other person in fear.
 {¶ 16} The evidence shows that Briscoe forcefully restrained the victim by holding her down on the floor and choking her with the purpose of engaging in sexual activity. The victim testified that Briscoe attempted to put his hands in her pants. He dragged her by the hair to the back of house. Further, the victim feared that he was going to choke her and kill her. As a result of the struggle, the victim sustained bruising on her neck, face arms, knees, and chest. She also sustained scratches on her neck, which were bleeding.
 {¶ 17} Although Briscoe testified that he and the victim engaged in consensual sexual activity and she sustained some injuries due to the consensual acts, the trial court was in the best position to determine the credibility of the witnesses. In light of Briscoe's lying to the police regarding his activities earlier that evening and his denial about taking the victim's cell phone, the court could have reasonably found Briscoe's testimony incredible.
 {¶ 18} Therefore, we find that the trial court did not lose its way in convicting Briscoe of attempted gross sexual imposition, abduction, and kidnapping. The convictions are not against the manifest weight of the evidence.
 {¶ 19} Accordingly, the assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, PRESIDING JUDGE
ANTHONY O. CALABRESE, JR., J. and MARY EILEEN KILBANE, J. CONCUR