{¶ 1} Defendant-appellant, Terrance Palmer ("Palmer"), appeals his conviction for felonious assault. Finding no merit to the appeal, we affirm.
 {¶ 2} In 2005, Palmer was charged with domestic violence, felonious assault, and kidnapping. The matter proceeded to a jury trial, at which he was found guilty of felonious assault. The court sentenced him to four years in prison. The following evidence was presented at trial.
 {¶ 3} In 2005, Palmer visited the apartment of his girlfriend, Eureka Barbour ("Barbour"), where they drank alcohol and played video games. They began to argue as he prepared to leave, and the argument escalated into a physical altercation. Barbour testified that Palmer threw her on the bed and choked her. He also bit two of her fingers and her leg and poked her in the eye. Barbour sustained a corneal abrasion in her left eye and human bite wounds. *Page 3 
 {¶ 4} Palmer appeals, raising two assignments of error. In his first assignment of error, he argues the trial court erred in overruling his motion for acquittal because his conviction was not supported by sufficient evidence. In his second assignment of error, Palmer claims that his conviction was against the manifest weight of the evidence. Although these arguments involve different standards of review, we will discuss them together because they involve the same evidence.
 {¶ 5} The standard of review for the sufficiency of evidence is set forth in State v. Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184, syllabus, which states:
 "Pursuant to Criminal Rule 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."
 {¶ 6} See also, State v. Apanovitch (1987), 33 Ohio St.3d 19, 23,514 N.E.2d 394; State v. Davis (1988), 49 Ohio App.3d 109, 113,550 N.E.2d 966.
 {¶ 7} Bridgeman must be interpreted in light of the sufficiency test outlined in State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52,678 N.E.2d 541 and State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492. A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the State has met its burden of production at trial. Thompkins, supra at 390. On review for sufficiency, courts are to assess not whether the State's evidence is to be believed, *Page 4 
but whether, if believed, the evidence against a defendant would support a conviction. Id. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jenks, supra at paragraph two of the syllabus.
 {¶ 8} In evaluating a challenge to the verdict based on manifest weight of the evidence, a court sits as the thirteenth juror and intrudes its judgment into proceedings which it finds to be fatally flawed through misrepresentation or misapplication of the evidence by a jury which has "lost its way." Thompkins, supra. As the Ohio Supreme Court declared:
 "Weight of the evidence concerns `the inclination of the greater amount of credible evidence offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.'* * *
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id.
 {¶ 9} In State v. Bruno, Cuyahoga App. No. 84883, 2005-Ohio-1862, we stated that the court must be mindful that the weight of the evidence and the credibility of witnesses are matters primarily for the trier of fact. A reviewing court *Page 5 
will not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the prosecution proved the offense beyond a reasonable doubt. State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus; State v.Eley (1978), 56 Ohio St.2d 169, 383 N.E.2d 132. Moreover, in reviewing a claim that a conviction is against the manifest weight of the evidence, the conviction cannot be reversed unless it is obvious that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Garrow (1995), 103 Ohio App.3d 368, 370-371,659 N.E.2d 814.
 {¶ 10} Palmer was found guilty of felonious assault pursuant to R.C.2903.11(A)(2), which provides that "no person shall knowingly * * * cause serious physical harm to another * * *." Serious physical harm includes any physical harm that carries a substantial risk of death, or involves some permanent incapacity, some temporary, substantial incapacity, some permanent disfigurement or temporary, serious disfigurement, or acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain. R.C. 2901.01(A)(5)(b)-(e).
 {¶ 11} Palmer contends that the State failed to produce sufficient evidence that Barbour suffered serious physical harm to sustain his conviction for felonious assault. Thus, Palmer argues that his Crim.R. 29 motion for acquittal should have been granted. He also argues that the jury "lost its way" by finding him guilty. He *Page 6 
contends there was enough evidence to cast doubt on the jury's verdict. We disagree.
 {¶ 12} In the instant case, Barbour testified that Palmer threw her on the bed and choked her. She was not able to breathe, and her neck was "real sore." As she attempted to push Palmer away, he bit two of her fingers. She described the pain from the bite as "real bad," and she claimed to have scars on her fingers as a result. Palmer also bit off the flesh from her left shin. She testified that the bite was "excruciatingly painful" and left a scar. At some point during the altercation, Palmer poked Barbour in her left eye. She described her eye as "really messed up." She was not able to open it the following morning. She also testified that she could not see out of her eye and it burned. Barbour testified that the pain in her eye lasted for approximately one week.
 {¶ 13} When Barbour fled from her apartment to seek help, Palmer followed her, and the physical altercation continued on the second floor landing. Barbour testified that Palmer then punched and choked her. The altercation ended when the police arrived. The officers testified that they saw Palmer holding Barbour in a chokehold. Barbour was taken to the hospital by EMS and was diagnosed with bite wounds and a corneal abrasion. She received a tetanus shot, and her hospital discharge summary included follow-up care instructions. Barbour was instructed to use an eye ointment and antibiotics. She testified that her injuries took a week to heal. *Page 7 
 {¶ 14} In the instant case, the State was required to prove that Barbour sustained serious physical harm. Under R.C.2901.01(A)(5)(e), serious physical harm requires that Barbour's injuries involve "acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain." We find that, as a result of the assault, Barbour suffered acute pain that involved "prolonged or intractable pain." Therefore, viewing the evidence in the light most favorable to the prosecution, we find that there was sufficient evidence to support Palmer's conviction for felonious assault. We also find that the jury did not "lose its way" and create a manifest miscarriage of justice as to require a reversal and new trial.
 {¶ 15} Accordingly, the first and second assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 8 
 ANTHONY O. CALABRESE, JR., J. and ANN DYKE, J. CONCUR *Page 1