JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Yvette Moore ("Moore"), appeals her drug possession conviction. Finding no merit to the appeal, we affirm.
 {¶ 2} In 2006, Moore was charged with drug possession and drug trafficking. The matter proceeded to a bench trial, at which Moore was found guilty of drug possession.[1] The trial court sentenced her to one year of community control sanctions. The following evidence was presented at trial.
 {¶ 3} In 2005, Officer Lester Hill ("Hill") of the Regional Transit Authority ("RTA") police was patrolling the area of East 55th Street and Hawthorne Avenue in Cleveland. While driving on East 55th Street, he observed Moore and two other individuals in an RTA bus shelter. A bus stopped at the shelter, but none of the individuals boarded the bus. Since the area is known for drugs and prostitution, he decided to approach the individuals. As he pulled up to the shelter, he illuminated it with the "alley lights" from his police cruiser because it was approximately 9:30 p.m. Hill then exited his cruiser to speak with the individuals and check their identification.
 {¶ 4} Hill was standing across from Moore and was attempting to obtain identification when he saw her toss a small black plastic bag from her left hand to the ground. Hill recovered the bag and found pieces of suspected crack cocaine inside. Hill then arrested Moore for drug possession. *Page 4 
 {¶ 5} Moore now appeals, raising two assignments of error. In the first assignment of error, she argues that the trial court erred when it limited defense counsel's "cross-examination" of Hill. She claims that the trial court violated her Sixth Amendment right to confrontation and cites to instances where the trial court interrupted defense counsel's questioning. However, the questioning she relies on is from defense counsel's recross-examination of Hill, not counsel's initial cross-examination.
 {¶ 6} "Generally, the recross-examination of a witness cannot exceed the scope of redirect examination." State v. Savage (Feb. 9, 1989), Cuyahoga App. No. 55046. (Internal citations omitted). Furthermore, it is within "the sound discretion of the trial court to control the examination of witnesses." Id. See also, Evid.R. 611(A).
 {¶ 7} In State v. Hartley, Cuyahoga App. No. 81706, 2003-Ohio-3946, we held that "the court should seek to limit recross-examination to testimony on redirect examination which raises a new subject-matter that is both material and non-redundant in context."[2]
 {¶ 8} When the State examined Hill on redirect, it asked him questions about Moore's identity. The State wanted to confirm that Moore is the person Hill arrested that night. The State also asked Hill about the "typo" on the evidence bag, i.e, "Yvelle" as opposed to "Yvette." *Page 5 
 {¶ 9} On recross, the court interrupted defense counsel when she questioned Hill about the police department's booking procedure and why he did not record Moore's height and weight on the police report. The court advised counsel that she needed to limit her questioning to redirect. Since defense counsel's line of questioning had marginal probative value, particularly when the subject had not been raised on redirect, we find that the trial court did not abuse its discretion in limiting Moore's recross-examination of Hill.
 {¶ 10} Accordingly, the first assignment of error is overruled.
 {¶ 11} In the second assignment of error, Moore argues that her conviction is against the manifest weight of the evidence.
 {¶ 12} In evaluating a challenge to the verdict based on the manifest weight of the evidence, a court sits as the thirteenth juror, and intrudes its judgment into proceedings that it finds to be fatally flawed through misrepresentation or misapplication of the evidence by a jury that has "lost its way." State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52, 678 N.E.2d 541. As the Ohio Supreme Court declared:
 "Weight of the evidence concerns `the inclination of the greater amount of credible evidence offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' * * *
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in *Page 6 
resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id.
 {¶ 13} In State v. Bruno, Cuyahoga App. No. 84883, 2005-Ohio-1862, we stated that the court must be mindful that the weight of the evidence and the credibility of witnesses are matters primarily for the trier of fact. A reviewing court will not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the prosecution proved the offense beyond a reasonable doubt. State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus; State v. Eley (1978), 56 Ohio St.2d 169, 383 N.E.2d 132. Moreover, in reviewing a claim that a conviction is against the manifest weight of the evidence, the conviction cannot be reversed unless it is obvious that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Garrow (1995), 103 Ohio App.3d 368,659 N.E.2d 814.
 {¶ 14} Moore argues that her conviction was against the manifest weight of the evidence because Hill's version of the facts "did not make sense." She claims that if she had any drugs that night, she would have discarded them before Hill approached her. However, Hill testified that he was approximately three feet away from Moore when she tossed the plastic bag containing crack cocaine to the ground. He also stated that the bus shelter was well lit and he had a clear view of Moore. *Page 7 
Thus, in reviewing the record, weighing the evidence, and considering the credibility of the witnesses, we cannot say that the trial court "lost its way." Therefore, we find substantial evidence to support the conviction.
 {¶ 15} Accordingly, the second assignment of error is overruled.
 {¶ 16} Judgment is affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, J., and PATRICIA A. BLACKMON, J., CONCUR
[1] The trial court dismissed the drug trafficking charge at the end of the State's case.
[2] "The redundancy aspect should be applied to limit recross-examination to matters that were not, or could not, have been raised on cross-examination." Id. *Page 1