DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant appeals his conviction for felonious assault, with a firearm specification, following a jury trial in the Lucas County Court of Common Pleas. For the reasons that follow, we affirm.
 {¶ 2} On July 3, 2005, William May attended a barbecue at the West Toledo home that appellant, Lamarr Chancy, sometimes shared with his mother. At *Page 2 
approximately 1 a.m., May and appellant were smoking marijuana in front of appellant's mother's home when May began to return to the house. According to a witness, at that point appellant shot May in the back, causing serious injury. Neither May nor the witness could provide a motive for the shooting.
 {¶ 3} A neighbor across the street, however, testified that she was awakened at approximately 1 a.m. by the sound of an argument. The argument was punctuated by a gunshot. According to the witness, she saw a short black man run away between the houses and a short time later heard another shot.
 {¶ 4} Detectives investigating the shooting were advised appellant was involved and began to search for him. A short time later, appellant presented himself under an assumed name to an East Toledo hospital for treatment of a gunshot wound through his right foot. Officers investigating that gunshot arrested appellant upon discovering his identity.
 {¶ 5} Appellant was charged in a single count indictment for felonious assault with a firearm specification. He pled not guilty, but following a jury trial was found guilty as charged. The trial court imposed a five year term of incarceration to be served consecutive to a three-year term for the gun specification.
 {¶ 6} From this judgment, appellant now brings this appeal, setting forth the following single assignment of error:
 {¶ 7} "Appellant's conviction for felonious assault is against the sufficiency and manifest weight of theevidence [sic] presented." *Page 3 
 {¶ 8} A verdict may be reversed on appeal if it is either against the manifest weight of the evidence or because there is an insufficiency of evidence. In the former, the appeals court acts as a "thirteenth juror" to determine whether the trier of fact lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered. State v. Thompkins (1997), 78 Ohio St.3d 380,387. In the latter, the court must determine whether the evidence submitted is legally sufficient to support all of the elements of the offense charged. Id. at 386-387. Specifically, we must determine whether the state has presented evidence which, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The test is, viewing the evidence in a light most favorable to the prosecution, could any rational trier of fact have found the essential elements of the crime proven beyond a reasonable doubt. Id. at 390 (Cook, J., concurring); State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. See, also, State v. Eley (1978),56 Ohio St.2d 169; State v. Barns (1986), 25 Ohio St.3d 203.
 {¶ 9} R.C. 2903.11(A) provides:
 {¶ 10} "(A) No person shall knowingly do either of the following:
 {¶ 11} "(1) Cause serious physical harm to another or to another's unborn;
 {¶ 12} "(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."
 {¶ 13} If an indictment specifies that an offender, "* * * had a firearm on or about the offender's person * * * or used it to facilitate the offense," R.C. 2941.145, and he or *Page 4 
she is found guilty of that specification, the sentencing court is mandated to impose a three year period of incarceration in addition to any other penalty. R.C. 2929.14(D)(1)(a)(ii).
 {¶ 14} There was testimony from both the victim and another witness that appellant shot the victim in the back. This is evidence which, if believed, establishes all the elements of the principal charge and the specification. Consequently, there was sufficient evidence to support appellant's conviction.
 {¶ 15} With respect to the weight of the evidence, although appellant argues at length concerning inconsistencies between witness statements, after a thorough examination of the trial transcript we cannot say that such inconsistencies were of such materiality as to suggest that the jury lost its way or that a manifest miscarriage of justice was obtained by the verdict. Thus, the verdict was not against the manifest weight of the evidence.
 {¶ 16} Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 17} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED *Page 5 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J. CONCUR. *Page 1