DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant appeals his conviction for multiple drug related offenses entered on a jury verdict in the Lucas County Court of Common Pleas. For the reasons that follow, we affirm.
 {¶ 2} Appellant, Guirguis Ragheb, is an Egyptian emigrant who owns and, until his arrest, operated a convenience store in western Lucas County. *Page 2 
 {¶ 3} In February 2006, one of appellant's former employees approached police narcotics officers, alleging that appellant was selling drugs from his store. On February 8, 2006, police sent the informant into appellant's store to purchase drugs. The informant returned with percocet and vicodin pills.
 {¶ 4} Over the next two months, the informant, sometimes accompanied by a police undercover agent and frequently outfitted with surreptitious recording devices, repeatedly purchased from appellant prescription analgesics, including dilaudid and oxycodone. On April 21 and 24, the informant purchased powder cocaine from appellant. On April 27, 2006, police executed a search warrant on appellant's store and home, recovering large quantities of prescription pills, cocaine and more than $65,000 in cash.
 {¶ 5} Appellant was arrested and eventually named in a 15 count indictment charging him with nine counts of aggravated drug trafficking, cocaine possession and trafficking, aggravated possession of oxycodone in excess of the bulk amount, aggravated possession of hydromorphone in excess of five times the bulk amount,[1] and aggravated trafficking in hydromorphone.[2] Appellant pled not guilty and the matter proceeded to trial before a jury. *Page 3 
 {¶ 6} At trial, the state presented testimony from the investigating officer and the informant who had participated in the drug purchases. The state also introduced video recordings of several of the transactions.
 {¶ 7} On cross-examination, the arresting officer testified that he had offered to help appellant with these charges if appellant would assist police in identifying middle eastern terrorists in the community.
 {¶ 8} At the conclusion of the state's case, the trial court denied appellant's Crim.R. 29 motion. Appellant rested without presenting a defense. During closing, counsel for appellant argued that the purpose of police pursuit of him was, in fact, to leverage his cooperation in finding terrorists. At appellant's request, the trial court charged the jury on the law of entrapment.
 {¶ 9} On deliberation, the jury found appellant guilty on all counts of the indictment as amended. The trial court entered judgment on the verdict and sentenced appellant to concurrent one-year terms of imprisonment for the trafficking counts consecutive to a three-year term for the aggravated possession counts.
 {¶ 10} From this judgment of conviction, appellant now brings this appeal, setting forth the following two assignments of error:
 {¶ 11} "Assignment of Error No. I
 {¶ 12} "Appellant's conviction of counts one through nine of the indictment were against the manifest weight of the evidence where appellant established the affirmative defense of entrapment by a preponderance of the evidence. *Page 4 
 {¶ 13} "Assignment of Error No. II
 {¶ 14} "Appellant's conviction of counts eleven, thirteen, and fifteen were against the manifest weight of the evidence."
 I. Entrapment {¶ 15} In his first assignment of error, appellant contends that the verdict against him on the first nine counts of the indictment was against the manifest weight of the evidence, because the state failed to present any evidence that he was predisposed to sell drugs. Appellant maintains that police set out to entrap him to gain leverage to force him to cooperate in a quest to identify terrorists in the Toledo middle eastern community.
 {¶ 16} Citing State v. Doran (1983), 5 Ohio St.3d 187, at paragraph one of the syllabus, appellant argues that entrapment is shown when criminal design originates with the government and government officials implant the idea in the mind of an innocent person, without a predisposition to commit such an offense, to induce its commission. Appellant insists that it was the police who sent the informant to him. It was the informant who suggested that appellant sell drugs. And, it was the police who provided the money to consummate the sale. According to appellant, because the state failed to present any evidence of his predisposition to criminal activity, it failed in its burden and his conviction on counts one through nine must be set aside.
 {¶ 17} Entrapment is an affirmative defense, id at paragraph two of the syllabus, which must be proved by a preponderance of the evidence. R.C. 2901.05(A). The burden of going forward with the evidence and the burden of proof for establishing the *Page 5 
defense rests not with state but with the defendant. Doran at 187. "[W]e do not believe it is unfair to require the accused to adduce supporting evidence of his lack of predisposition. The accused, as a participant in the commission of the crime, will be aware of the circumstances surrounding the crime, and is at no disadvantage in relaying to the fact-finder his version of the crime as well as the reasons he was not predisposed to commit the crime. Moreover, the accused will certainly be aware of his previous involvement in crimes of a similar nature which may tend to refute the accused's claim that he was not predisposed to commit the offense. In summary, none of the evidence which is likely to be produced on the issue of predisposition would be beyond the knowledge of the accused or his ability to produce such evidence." Id.
 {¶ 18} In this matter, at trial, appellant rested without presenting any evidence. The only manner in which he legitimately raised an entrapment defense was through cross-examination of the state's witnesses. None of the witnesses spoke to appellant's predisposition, or lack thereof, to sell drugs. On this record, the jury could reasonably have found that appellant failed to meet his burden to establish an entrapment defense.
 {¶ 19} Accordingly, appellant's first assignment of error is not well-taken.
 II. Manifest Weight {¶ 20} In his second assignment of error, appellant insists that his conviction on the three aggravated drug trafficking counts in the indictment was against the manifest weight of the evidence. According to appellant, each of these counts was predicated on drugs found in his store during execution of the search warrant. He argues that under the *Page 6 
charging statute, R.C. 2925.03(A)(2), there must be evidence that he prepared controlled substances for shipment, or shipped, transported, delivered, prepared for distribution or distributed them knowing or having, "* * * reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person." Appellant maintains that there was no evidence presented at trial by which it could be reasonably inferred that he did any of the things enumerated in the statute.
 {¶ 21} In a criminal context, a verdict or finding may be overturned on appeal if it is either against the manifest weight of the evidence or because there is an insufficiency of evidence. In the former, the appeals court acts as a "thirteenth juror" to determine whether the trier of fact lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered.State v. Thompkins (1997), 78 Ohio St.3d 380, 387. In the latter, the court must determine whether the evidence submitted is legally sufficient to support all of the elements of the offense charged. Id. at 386-387. Specifically, we must determine whether the state has presented evidence which, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The test is, viewing the evidence in a light most favorable to the prosecution, could any rational trier of fact have found the essential elements of the crime proven beyond a reasonable doubt. Id. at 390 (Cook, J., concurring);State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. See, also, State v. Eley (1978), 56 Ohio St.2d 169; State v. Barns
(1986), 25 Ohio St.3d 203. *Page 7 
 {¶ 22} In this matter, at trial, the state introduced into evidence not only the drugs seized in the execution of the search warrant at appellant's store, but also a scale and some baggies found there. This is evidence by which the jury could have reasonably inferred that appellant intended to prepare the drugs for distribution. Moreover, the confidential informant testified that appellant had sold him drugs on several occasions. Many of these transactions were recorded and presented into evidence. This is certainly evidence by which a reasonable trier of fact could have concluded that appellant intended to also sell the large quantity of drugs found in his store. See State v.Kidd, 11th Dist. No. 2006-L-193, 2007-Ohio-4113, ¶ 69.
 {¶ 23} Consequently, the state presented evidence which, if believed, provided proof for each of the essential elements of aggravated drug trafficking. Moreover, we have carefully examined the entire record of the trial of this matter and fail to find any indication that the jury lost its way or that injustice resulted. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 24} On consideration whereof, the judgment of the Lucas County Court of Common Pleas in affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 8 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., William J. Skow, J., CONCUR.
[1] This count was amended at trial to in excess of the bulk amount to conform to the evidence.
[2] Also originally charged at five times the bulk amount, but amended at trial to in excess of the bulk amount. *Page 1